VAN VRANKIN v. THE WISCONSIN, IOWA & NEBRASKA R'Y Co.

1. **Railroads:** FARM CROSSINGS: LAND OWNER'S RIGHT TO DESIGNATE PLACE OF: LIMITATION OF RIGHT.    Section 1268 of the Code gives the owner of the land on both sides of a railway the right to designate the place where the company shall make the crossing provided for in that section; the only limitation being that the place selected by him shall be a reasonable one.    The selection made in this case (see opinion) *held* to be reasonable.

*Appeal from Marshall Circuit Court.*

WEDNESDAY, APRIL 21.

THE defendant constructed its line of railway through the plaintiff's farm.    After the road was completed the plaintiff pointed out to the defendant the place where he desired his farm crossing to be made.    The defendant failed and refused to make a crossing at the point indicated, but constructed one at another place.    The plaintiff seeks, by this action, to compel the defendant to make the crossing at the place selected by him.    There was a trial by the court, and an order was made that a writ in the nature of a *mandamus* issue, commanding the defendant to construct a crossing as prayed in plaintiff's petition, and at the point designated therein. Defendant appeals.

*Parker & Childs* and *Hubbard, Clark & Dawley,* for appellant.

*Caswell & Meeker,* for appellee.

ROTHROCK, J.—Section 1268 of the Code is as follows: " When any person owns land on both sides of any railroad, the corporation owning the same shall, when requested so to do, make and keep in good repair one cattle-guard and one causeway, or other adequate means of crossing the same, at such reasonable place as may be designated by the owner."

The owner of the land is authorized by this statute to designate the place where the crossing shall be made, and the

limitation put upon his choice of locations is that the place designated shall be a reasonable one. The question determined by the circuit court was that the plaintiff designated a reasonable place. We think the evidence fully supports the order of the court. It is quite satisfactorily shown that the crossing constructed by the defendant is not an adequate means of crossing the railroad. It is constructed at a point where it cannot be conveniently approached without crossing over low, swampy ground, which is almost impassable. The railroad runs through a cut or excavation the greater part of the way on plaintiff's farm. There is a cut at the point where the plaintiff directed the crossing to be made. There is a conflict in the evidence as to the excavation necessary to be made in the banks to bring the crossing down sufficiently to be adequate for the use of the plaintiff. The defendant contends that the excavation required would be such as to be a very great injury to the railroad, for the reason that it would serve the purposes of a ditch, and drain the surface water from the land down on the bed of the railroad, and that the excavation necessary for the crossing would be so deep as to prevent the train-men from seeing teams and persons approaching the track in time to avoid accidents. On the other hand, the plaintiff contends that an adequate crossing can be made at the place selected by him with a very slight excavation. He avers in his petition that it " is a reasonable place for the construction of said crossing, and not requiring an excavation of over two and a half feet at the edge of the cut, and could be constructed at a small expense and with little labor." This allegation finds support in the evidence, and the court ordered the defendant to construct a causeway or crossing as prayed in plaintiff's petition. In our opinion, the judgment and order ought not to be disturbed.

Some questions were made by counsel for appellant upon rulings made by the court upon the competency of certain evidence. We discover no error in any of the rulings complained of.                                    AFFIRMED.