CHARLOTTE A. DELANEY, PLAINTIFF IN ERROR, V. CHRISSY LINDER AND OTHERS, DEFENDANTS IN ERROR.

1. **Contract**: CONSTRUCTION. The contract sued on examined and construed.

2. ———: ———. When a contract has been reduced to writing, as a general rule of law verbal evidence is not allowed to be given of what passed between the parties either before the written instrument was made or during the time of its preparation, so as to add to or subtract from or in any manner to vary or qualify the written contract.

3. ———: ———: EVIDENCE. After a contract has been reduced to writing, it is competent for the parties, at any time before breach of it, by a new contract, not in writing, either altogether to waive, dissolve, or annul the former agreement, or in any manner to add to, or subtract from, or vary or qualify the terms of it; which is to be proved partly by the written agreement and partly by the subsequent verbal terms, engrafted upon what will be thus left of the written agreement.

ERROR to the district court for Lancaster county. Tried below before CHAPMAN, J.

*Marquett, Deweese & Hall,* for plaintiff in error.

*J. R. Webster, W. E. Stewart,* and *Charles H. Foxworthy,* for defendants in error.

COBB, J.

This was an action of ejectment for a certain lot and house, which the plaintiff had sold to the defendants on contract, which contract plaintiff claimed the defendants had forfeited by failing to make the payments therein provided for.

There was a second trial to the court, with findings and judgment for the defendants. The plaintiff brings the cause to this court on error and assigns the following errors :

1. The decision and judgment of the court was not sustained by sufficient evidence.

2. The decision of the court was contrary to law.

3. The court erred in excluding evidence that was offered by plaintiff to show the real contract that was made between the parties as to the sale of the lot and the payment of interest on the deferred payments.

4. For errors of law occurring at the trial and excepted to by the plaintiff.

5. The court erred in rendering a decision against the plaintiff and in favor of the defendant.

6. The court erred in overruling the motion of the plaintiff for a new trial.

I copy from the bill of exceptions the contract of sale under which the defendant went into the possession of the premises:

"This agreement, made this 18th day of June, in the year 1885, between Charlotte A. Delaney, of the first part, and Chrissie Linder, of the state of Nebraska, of the second part, witnesseth, that in consideration of the stipulations herein contained, and the payments to be made, as is hereinafter specified, the first party hereby agrees to sell unto the second party lot E of Brock's subdivision of lots one and two in block eighty-seven (87), city of Lincoln, Nebraska, for the sum of three thousand dollars, on which the said second party hath paid the sum of forty dollars, being the first monthly payment. And the said second party, in consideration of the premises, hereby agrees to pay to the first party, at First Nat. Bank, Lincoln, Neb., the following sums of principal and interest, at the several times named below:

| When Due. | Interest. | Principal. | Amt. Evidence of Payment. |
|---|---|---|---|
| "Due Aug. 1, 1885 | ...... | $40 | ............ |
| " Sept. 1, 1885 | ...... | 40 | ............ |
| " Oct. 1, 1885 | ...... | 40 | ............ |

And forty dollars on the first day of each month thereafter, until this contract is fulfilled. Said payments to bear 7 per cent interest per annum, payable with each payment. After 12 payments are made the first party agrees to make deed and take a mortgage for balance of payments.

"And it being mutually understood that the above premises are sold to the said second party for improvement and cultivation, the said party hereby further agrees and obligates herself, heirs, and assigns, that all improvements placed upon said premises shall remain thereon and shall not be removed or destroyed until final payment for said land. And further, that she will punctually pay said sums of money above specified as each of the sums become due, and that she will regularly and seasonably pay all taxes and assessments upon said premises for the current year of 1885 and thereafter.

"In case the said party, her legal representatives or her assigns, shall pay the several sums of money aforesaid punctually and at the several times above mentioned, and shall strictly and literally perform all and singular the agreements and stipulations aforesaid after their true tenor and intent, then the first party will furnish to the said second party, her heirs or assigns (upon request of the first party at Lincoln, Nebraska, and the surrender of this contract), a good and sufficient warranty deed free and clear of all incumbrances, except as against such taxes as may be assessed against said lands, and as against any and all acts done and suffered by said purchaser or her assigns, subsequent to the date of this contract.

"But in case the second party shall fail to make the payments aforesaid, or any of them, punctually and upon the strict terms and times above limited, and likewise to perform and complete all and each of the agreements and stipulations aforesaid, strictly and literally, without any failure or default, the times of payment being of the essence of this contract, then the party of the first part shall have the

right to declare this contract null and void, and all rights and interests thereby created or then existing in favor of the said second party, or derived under this contract, shall utterly cease and determine, and the premises hereby contracted shall revert to and revest in said first party (without any declaration of forfeiture or any act of re-entry, or without any other act by said first party to be performed, and without any right of said second party of reclamation or compensation for moneys paid or improvements made), as absolutely, fully, and perfectly as if this contract had never been made, and it is further agreed on the part of the purchaser that a failure to pay any installment of principal or interest, or a failure to keep any of the covenants and agreements herein made by her, shall work a forfeiture of all her rights, and that thereupon the first party, if she so elects (and the purchaser hereby waives any notice of such election), treat the purchaser as a tenant holding over and at sufferance, and proceed against said purchaser by summary action of forcible entry and detainer to recover possession. And it is further stipulated that no assignment of the premises shall be valid unless the same shall be endorsed hereon or permanently attached hereto and countersigned by the first party (for which purpose this contract must be sent to her by mail or otherwise), and that no agreement or condition or relations between the second party and her assignees, or any other person acquiring title or interest from or through her shall preclude the first party from the right to convey the premises to the said second party or her assignees on the surrender of this agreement, and the payment of the unpaid portion of the purchase money which may be due to the first party. In witness of which both parties have signed these presents, in duplicate, on the day and year above written."

Signed and acknowledged by both parties.

There was evidence that at the time of the making of the contract the premises were in the possession of one Gasford, a

tenant of the plaintiff. His tenancy seems to have been from month to month. He received no notice of the sale of the premises, or that the plaintiff desired him to remove therefrom, until on or about the last day of June, and being unable to procure another house, he did not vacate the premises until the 16th day of July. There is also evidence tending to prove that there was an agreement or understanding between the plaintiff and defendant, that the first or cash payment, which is admitted not to have been made at the date of contract, as therein expressed, should not be made, nor the time upon which the monthly payments were to be computed commence to run until the plaintiff should be able to deliver possession of the premises to the defendant, which she could not then do on account of their occupancy by Gasford.

It seems that the contract was left at the First National Bank until the defendant got the possession of the premises, at which time, or shortly afterwards, she made the first or cash payment at the bank and took up the contract. This payment was made on the 27th day of July. Upon the defendant's theory no interest, or but a trifle, was due on this payment. The second payment of $40 was made on the 7th day of September, and no interest was paid on it. The third payment of $87.42 was made on the 20th day of October.

It appears that on the 15th day of October, five days before the last payment was made, as stated above, the son and agent of the plaintiff served upon the defendant a demand in writing for the payment of principal, alleged to be due October 1st, and interest, to the amount of $64.18, and notifying her that unless the same be paid within five days, he would take steps to annul the contract and recover possession. By said demand and notice plaintiff ignored the oral modification of said contract, as claimed by the defendant, whereby the payments were to commence to run at the date of the delivery of the possession of the premises

to her, and claimed interest, on monthly rests, upon the whole of the unpaid principal. The defendant tendered a payment of $40, on the 9th day of November, which was refused.

Upon the trial, the defendant tendered to the plaintiff the sum of $1,006.80. The plaintiff offered to prove by the person who drew up the written contract, and other witnesses, that " the matter of the computation of interest was talked over there at the time the contract was drawn, and it was the intention of the parties who were drawing this contract that the payment of interest with each $40.00 was to be the interest on the full purchase price that was unpaid at that date," which offer being objected to by defendant, the objection was sustained. This ruling of the court is assigned as error.

This case seems to turn upon the two points contended for by the defendant, to-wit:

1. That by the terms of the contract, she was only to pay the sum of forty dollars each month, and interest on forty dollars from the date of the contract to the time of such payment.

2. That by the subsequent oral agreement between the parties the time for the making of the first or cash payment was changed from the 18th day of June, the day on which the contract was actually made, to the 16th or 17th day of July the day on which she was let into possession.

Upon a careful reading of the contract, we are all of the opinion that the defendant's construction of its terms is correct, and that it will bear no other.

Upon the second point there is a sharp conflict in the evidence. The defendant swears to it, and the plaintiff denies it. It would be sufficient for our purpose that the trial court, whose especial province is to weigh and decide upon the effect of conflicting evidence, decided in favor of the defendant, but it may not be out of place to observe that it was altogether reasonable and just that the plaintiff,

being unable to deliver the premises promptly, should have agreed to a suspension of her right to demand the payment of either installments or interest until the defendant was let into the use and enjoyment of the property.

Upon the point arising upon the refusal of the court to let in evidence to vary the terms of the contract, it is deemed sufficient to say that the contract is sued on, and set out in the petition without any allegation of mistake or failure therein to truly express the terms of the contract, or prayer for its reformation, and it is deemed to be too well settled to call for the citation of authorities that such allegation and prayer are indispensably necessary as a foundation for the admission of such evidence. The following from the opinion of Denman, C. J., in the case of *Goss v. Lord Nugent*, 5 Barn. & Ad., 64, cited in the opinion in *McNish v. Reynolds*, 95 Pa. S., 483, is believed to possess the rare merit of being applicable to, if not conclusive of, both the above points. " By the general rules of the common law, if there be a contract which has been reduced into writing, verbal evidence is not allowed to be given of what passed between the parties, either before the written instrument was made or during the time it was in a state of preparation so as to add or subtract from, or in any manner to vary or qualify the written contract; but after the agreement has been reduced into writing it is competent to the parties at any time before breach of it, by a new contract not in writing, either altogether to waive, dissolve, or annul the former agreement, or in any manner to add to, or subtract from, or vary or qualify the terms of it, and thus to make a new contract; which is to be proved, partly by the written agreement, and partly by the subsequent verbal terms engrafted upon what will be thus left of the written agreement."

There was a supplemental answer filed by the defendant, setting up an accord, satisfaction, and settlement of the matters involved in the case after the filing of the original

answer, which was denied by the plaintiff, and quite a mass of testimony was taken, applicable to the issue thus raised. No point, however, is made upon this branch of the case, either in the petition in error or the brief of counsel. It has, therefore, not been examined.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.