42  423<br/>42  553

ROBERT R. KELLEY ET AL. V. LUCIUS B. PALMER.

FILED NOVEMBER 7, 1894.    No. 5414.

Statute of Frauds: PAROL WARRANTY. A parol promise of the grantor of real estate to warrant and defend the title of his grantee is within the provisions of section 3, chapter 32, Compiled Statutes, and therefore void.

ERROR from the district court of Adams county. Tried below before GASLIN, J.

The facts are stated in the opinion.

*Capps & Stevens*, for plaintiffs in error:

A condition cannot be ingrafted by parol upon a convey-

ance of real estate. An oral promise to warrant title is within the statute of frauds. (*Marshall County High School Co. v. Iowa Evangelical Synod*, 28 Ia., 360; *Thompson v. Thompson*, 9 Ind., 323; *Moser v. Miller*, 7 Watts [Pa.], 156; *Chapman v. Gordan*, 29 Ga., 250; *Dunbar v. Stickler*, 45 Ia., 384; Consolidated Statutes, sec. 1787; *Mitchell v. Warner*, 5 Conn., 521; *Commonwealth v. Robinson*, 1 Watts [Pa.], 160; *Bliss v. Thompson*, 4 Mass., 488; *Kerr v. Shaw*, 13 Johns. [N. Y.], 236.)

*J. B. Cessna, contra:*

When title to a portion of land fails and there was a parol agreement made at the time of sale to warrant the title, there may be a recovery back of part of the purchase money. (*Close v. Zell*, 21 Atl. Rep. [Pa.], 770; *Drinker v. Byers*, 2 Pen. &. W. [Pa.], 528; *Brown v. Moorhead*, 8 S. & R. [Pa.], 569.)

The statute of frauds does not prevent a recovery of damages for the breach of a verbal contract for the sale of land. (*Bell v. Andrews*, 4 Dall. [U. S.], 152; *George v. Bartoner*, 7 Watts [Pa.], 530; *Allen's Estate*, 1 W. & S. [Pa.], 387; *Moore v. Small*, 19 Pa. St., 461; *Thurston v. Franklin College*, 16 Pa. St., 154; *Bowser v. Cessna*, 62 Pa. St., 148; *Walker v. France*, 5 Atl. Rep. [Pa.], 208; *Meason v. Kaine*, 63 Pa. St., 335; *Goettel v. Sage*, 27 Am. L. Reg. [Pa.], 253.)

Money paid on purchase of land with belief that purchaser is getting a good title may be recovered back. (*Wamsley v. Crook*, 3 Neb., 344; *McMurtry v. Brown*, 6 Neb., 368; *Frederick v. Campbell*, 13 S. & R. [Pa.], 136.)

Post, J.

This is a petition in error from the district court for Adams county, and presents for review a judgment therein in favor of the defendant in error and against the plaintiffs in error. The cause of action alleged in the district court

is that the plaintiff therein purchased from the defendants certain real estate in the city of Hastings and accepted a deed therefor from one Craig, who, it was agreed, held the legal title that the defendants, at the time of the sale aforesaid, verbally promised "to warrant and guaranty" the title to said premises, and that, relying upon such promise, the plaintiff paid the full consideration therefor.    There is a further allegation of an ouster under a judgment in favor of one Weigel, the holder of the paramount title, with prayer for judgment.    The answer is a general denial. Numerous errors are assigned, but one of which will be noticed, viz., that the trial court erred in receiving evidence of the alleged contract of warranty.    The first proposition of the plaintiffs in error is that the contract alleged is within the express terms of the statute of frauds, and, therefore, void.    The provision of statute to which we are referred is found in section 3, chapter 32, Compiled Statutes, entitled "Frauds," as follows: "No estate or interest in land, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, or surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same."    The contention of the defendant in error is in effect that the words "or in any manner relating thereto" apply to what immediately precedes them only, or, in other words, to trusts concerning lands, and not to estates or interests therein; that the contract alleged is a mere promise to repay the purchase money upon a failure of title, and accordingly not within the provisions of the statute.    To support that contention we are referred to *Bell v. Andrews,* 4 Dall. [U. S.], 152; *George v. Bartoner,* 7 Watts [Pa.], 532, and other cases from the same court.    While the earlier Pennsylvania cases fully sustain the proposition that a verbal promise to

warrant the title to real estate is not within the statute, those cases cannot be accepted as authority in this state, for the reason that the fourth section of the English statute of frauds, of which the provision above set out is a substantial copy, had not then been enacted in that state. It is, for instance, said in *George v. Bartoner*, *supra*, that "We have not re-enacted the fourth section of the 29 Ch. 2, c. 3, which forbids it; and the provisions of the three first sections, condensed by our statute into one, merely operate upon the estate. We might as well doubt whether an action could be maintained on a parol contract of marriage." A warranty, according to the law of real estate, was formerly understood to mean a covenant real, by which the feoffor, or donor, of lands undertook to defend the feoffee, or donee, in possession, and to give land of equal value in case the latter was evicted therefrom (Rap. & Law. Dic., title "Warranty.") A covenant was a promise under seal and usually contained in a deed or instrument sealed and delivered by the promisor. (Rap. & Law. Dic., title "Covenant.") The action of covenant at common law was allowed only for the breach of a promise in writing under seal. (Burrrell's Law Dic., 3971; Chitty, Pleading, 115; Brown, Actions, 352; *Kerr v. Shaw*, 13 Johns. [N. Y.], 236.) Viewed in the light of those authorities, it seems that an undertaking by the grantor of land to warrant and defend the title of his grantee is an interest in land within the meaning of the statute. In fact, that proposition appears never to have been seriously questioned except in Pennsylvania, where, as we have seen, the fourth section of the statute of frauds was not in force, and in Maine, where such a contract is declared to be obviously within the statute. (See *Bishop v. Little*, 5 Greenl. [Me.], 362.) The suggestion that the action below was one to recover the purchase money on a failure of title is evidently an after-thought. It was essentially an action for breach of the alleged contract of warranty and not within

the rule, whereby in exceptional cases the purchaser of real estate may maintain an action for the recovery of the purchase money independent of the covenants contained in his deed. The judgment of the district court is reversed and the cause remanded for further proceedings therein.

REVERSED.