Rosina D. Schrimper v. The Chicago, Milwaukee & St. Paul Railway Company, Appellant.

Crossings: RIGHT TO CHANGE: *Prescription.* Under Code, section 2022, providing that, when any person owns land on both sides of any railway, the company shall, when requested so to do, make and keep in good repair an adequate crossing at such reasonable place as may be designated by the owner; a cross-ing so built may be changed by the company for the purpose of avoiding danger of fire and of accident to passing trains though used by the land owner more than ten years.

ADVERSE POSSESSION. The basis of a claim of adverse possession must be color of title, or claim of right in hostility of the owner; and, if it be based on a statutory duty, it is simply permissive, and lapse of time will not ripen it into a title

SUPPLEMENAL OPINION.—October 22, 1901.

*Same.* Under a statute requiring a railroad company to maintain adequate crossings for persons owning land on both sides of the track, a land owner cannot acquire a right to a crossing by adverse possession, so that the railroad company cannot change it.

FAILURE TO FURNISH: *Remedies.* Where a railroad company, hav-ing the right to change a crossing built under Code, section 2022, providing that, when any person owns land on both sides of any railway, the company shall, when requested so to do, make and keep in good repair an adequate crossing at such reasonable place as may designated by the owner, requested the land owner to designate a place for the crossing, and he refused to

| 115 | 35 |
| 118 | 379 |
| 115 | 35 |
| 123 | 223 |
| 115 | 35 |
| 130 | 751 |
| 115 | 35 |
| 131 | 111 |
| 115 | 35 |
| 134 | 664 |
| 115 | 35 |
| 137 | 326 |
| 115 | 35 |
| 142 | 482 |

do so, he cannot complain, in an equity suit, of the company's failure to give him an adequate crossing, but may complain to the railway commissioners, or by action of mandamus secure an adequate crossing at a place designated by him.

GRADE AND UNDER CROSSING. The owner of land on both sides of a railway is not entitled, as a matter of law to an under crossing, under Code, section 2022, requiring the railway to construct proper crossings, etc., in the absence of peculiar conditions, since grade crossings are the rule in this state.

*Same.* An under-crosing for a person owning lands on both sides of a railroad constructed under a statute requiring adequate crossings, and not by contract with the owner, may be changed by the railroad to a grade crossing, where no peculiar damage results to the land owner by the change, and where the expense of maintaining the under crossings would be larger than contemplated by the statute.

Right-of-way Deed: CONSIDERATION: *Parol variance.* Where a deed of a right-of-way of a railroad fully expresses the consideration, evidence of a parol agreement for an under-crossing alleged to have been made at the time of the execution of the deed, and as a part of the consideration, is inadmissible, as it would vary the effect of the deed. This is especially true where it is claimed that part of the consideration is an agreement which creates a reservation in the deed. *De Goey v. Van Wyck*, 97 Iowa, 491; *Kelly v. Railway*, 93 Iowa, 436, and *Railway v. County*, 34 Iowa, 52; qualifiedly approved.

Reformation: EVIDENCE. The evidence must be clear and satisfactory to justify the reformation of a deed because of alleged fraud, and mere preponderance of evidence is not sufficient.

*Appeal from Cedar Rapids Superior Court.*—HON. T. M. GIBERSON, Judge.

TUESDAY, MAY 22, 1900.

SUIT in equity to compel defendant to open an under crossing over its right of way and under its tracks. The trial court granted the relief asked, and defendant appeals. —*Reversed.*

*J. C. Cook* for appellant.

*Rickel & Crocker* for appellee.

Deemer, J.—Plaintiff claims her right to an under crossing on these grounds: First, adverse user and possession; second, under an oral contract for such crossing with defendant's agent; third, under a contract which was entered into at the time her husband made a deed of the right of way to the defendant, but which was not incorporated in the instrument by reason of the fraud of defendant. April 23, 1881, plaintiff and her husband executed a deed of conveyance to defendant for a right of way through a tract of land owned by them, consisting of something more than 400 acres. The expressed consideration for the deed was $230. Shortly after the deed was executed the defendant graded its roadbed and laid its tracks along the right of way so conveyed, and, in crossing a stream that ran through plaintiff's land and across the right of way, so conveyed, left the bridge that spanned it so that plaintiff had an under crossing from one part of her land to another over the right of way so conveyed. The fence along the way was left open for the space of 50 feet, and ran through and under the bridge, so that stock could not get on the right of way, thus giving plaintiff an open under crossing. Plaintiff's husband, who, it is claimed, made the arrangements for this crossing, is dead, and she has succeeded to all his interest in the property. Nothing is said in the deed regarding this crossing, but plaintiff says that it formed a part of the consideration for the grant, and was in fact reserved therefrom; that it was omitted from the deed by reason of the fraud of defendants' agent who accepted the deed, and took advantage of the fact that neither plaintiff nor her husband could read or write the English language; that this agent represented that it was in the deed; and that plaintiff and her husband, acting on this belief, signed and executed the same, and were not informed of the omission until about the time of the trial of this case. Plaintiff and her husband used this crossing, with the knowledge and consent of the defendant until

about the time of the commencement of this suit,
when defendant concluded to fill the space occupied thereby
with dirt, and shorten the span of the bridge erected at the
place in controversy, for the avowed purpose of lessening the
liability of fire and of accident to passing trains. Defendant
recognized plaintiff's right to the crossing by removing dirt
that ran down into it, and by removing a telegraph pole
that was so placed as to constitute an obstruction. Shortly
before defendant commenced to fill at the point in question,
it requested plaintiff to designate another place for a cross-
ing, which she refused to do, whereupon defendant put in
a grade crossing, with gates, near the west line of plain-
tiff's land. Plaintiff says that this crossing is insufficient.
But more as to this hereafter. Defendant claims that, be-
fore commencing its work of filling, it made inquiry of plain-
tiff's husband as to whether or not any contract existed for
the under crossing, and was informed that there was no con-
tract or agreement of any kind for the crossing, but that
plaintiff claimed by reason of user, and objected to its be-
ing filled up. This conversation is denied by plaintiff, who
says that at the time of the conversation her husband stated
that he had an agreement with defendant's agent for an
under crossing. It appears from the evidence that, before
the making of the deed of the right of way, a sheriff's jury
had assessed damages by reason of the taking of the right
of way at two hundred and thirty dollars, and that plain-
tiff's husband had appealed from the award. While the
appeal was pending the deed was made, for the same ex-
pressed consideration, as the award of the jury. Section
2022 of the Code, which is substantially like the section in
force when the right of way deed was executed reads as
follows: "When any person owns land on both sides of any
railway, the corporation owning the same shall, when re-
quested to do so, make and keep in good repair one cattle
guard and one causeway or other adequate means of cross-
ing the same, at such reasonable place as may be designated

by the owner." Construing this section, we said in *Truesdale v. Jensen*, 91 Iowa, 315: "The location and character of such a crossing must be determined with due regard for all the interests involved in its construction and maintenance. Among these are the reasonable use which the landowner desires to make of it, its expense, and the effect it will have upon the operation of the railway and the safety of life and property. . The landowner cannot dictate the kind of crossing he will have, nor the place where it shall be located. * * *" But plaintiff claims that her right is based, not only on the statute, but on a contract or agreement with the defendant company. We are in no doubt that one of the inducements to the making of the right of way deed was a statement of defendant's agent that plaintiff could have an under crossing at the place in controversy. Aside from the statute, this statement or agreement, to be effective, must be treated either as a reservation, or a part of the consideration for the making of the instrument. That a reservation cannot rest in parol is so well established that no citation of authorities is needed in support of the proposition; and, when claim is made that a part of the consideration for a deed is an agreement that creates a reservation, such agreement cannot be proven by parol. *Stewart v. McArthur,* 77 Iowa, 162. Moreover, it has been held by this court that, where the consideration is expressed and fully stated in the contract in unmistakable language, it is not competent to add to, change, or vary the consideration by parol evidence. *De Goey v. Van Wyk,* 97 Iowa, 491; *Kelly v. Railway Co.,* 93 Iowa, 436; *Cedar Rapids & M. R. Ry. Co. v. Boone County,* 34 Iowa, 52, and cases cited. Without at this time approving all that is said in these cases, and conceding that for certain purposes the consideration may be shown to be different from that which is expressed, yet this rule cannot be employed for the purpose of varying the effect of a deed. *Dunbar v. Stickler.* 45 Iowa, 384. See, also, *Adams v. Wat-*

*kins,* 103 Mich. 431 (61 N. W. Rep. 774); *Mattison v. Railroad Co.,* 42 Neb. 545 (60 N. W. Rep. 925); *Knowlton v. Railroad Co.,* 72 Conn. 188 (44 Atl. Rep. 8). Plaintiff is not entitled to relief because of a parol agreement for an under crossing at the point in question.

II.   Her claim of fraud, and her prayer in the petition for reformation of the deed, were not allowed by the superior court. To justify a decree setting aside or reforming a deed because of the alleged fraud, the evidence must be clear and satisfactory. A mere preponderance of the evidence is not sufficient. Any other rule would be highly dangerous, and tend to weaken confidence in all titles. Without setting out the evidence, it is sufficient to say that we agree with the judge of the superior court in his finding that no fraud is established, and denying the prayer for reformation. This leaves but the one question for solution, and that is, is plaintiff entitled to the crossing in question, under the statute before quoted, or by reason of the adverse possession? But for the statute quoted, we would have no doubt of plaintiff's right to the relief asked, because of adverse possession. It was used under a claim of right for more than fifteen years, and while mere user, under our statute, is not sufficient to establish an easement (Code, section 3004), yet there is other evidence in the record which we deem sufficient to show a claim of right, independent of the use, existing for more than ten years, of which defendant had express notice. The facts hitherto recited are enough it seems to us, to establish these facts; and these, taken in connection with the statements of defendant's agent, at and before the making of the right of way deed, relating to the use of bridges as an under crossing, would ordinarily make out a case of adverse possession. This conclusion does not settle the controversy, however, for the statute quoted required of defendant that it furnish a crossing at such a place as might be designated by the owner. As defendant was merely com-

plying with the law when it gave plaintiff the right of crossing, the question naturally arises: What effect shall be given to user of this crossing, for more than ten years? Does it ripen into a permanent easement? If so, then a private crossing, given under the statute, and used by the landowner for more than ten years, cannot be changed without his consent, no matter what exigencies may arise. The duty required by this statute is a public obligation, not arising out of contract, and it may be controlled by the courts, and to some extent by the railway commissioners. Neither the landowner nor the railway company can act unreasonably or arbitrarily with reference thereto. As said in the *Truesdale Case, supra,* due regard must be had to all interests involved in the construction, maintenance, and use of the crossing. If adverse possession may be acquired of a particular crossing, then no change can ever be made without the consent of all parties affected thereby. The adequacy of the crossing for the uses of the landowner is subject to review at all proper times. *State v. Burlington, C., R. & N. Ry. Co.,* 99 Iowa, 565. And we think that there are cases where a railway company may change the crossing theretofore provided, for the purpose of avoiding danger of fire and of accidents to passing trains. The evidence tends to show that defendant proposed to make the fill at the point in question to avoid these dangers, and that it gave plaintiff a grade crossing, which it claims is sufficient. Plaintiff denies that this grade crossing is sufficient, and that is made one of the grounds of her complaint. The evidence shows, however, that, before making the fill, defendant requested of plaintiff that she designate a place for a grade crossing, and that she absolutely refused to do so. Granting that defendant had the right to make the change, it was incumbent on plaintiff to designate the place for the new crossing, and, as she failed to do so, she is in no position to complain of defendant's failure to give her the

crossing provided by statute. If the new crossing is inadequate, she may complain to the railway commissioners, or by action of mandamus secure an adequate crossing at a place designated by her. But she is not, as a matter of law, entitled to an under crossing. As said in a number of cases, grade crossings are the rule in this state, and an under crossing will not be ordered, save in exceptional cases. See *State v. Burlington, C., R. & N. Ry. Co.,. supra,* and cases cited. Plaintiff cannot, in an equity suit,. complain of any neglect of defendant due to her own fault. She is, of course, entitled to an adequate crossing, such as is contemplated by the statute quoted; but she is in no position to object to a change demanded by considerations of safety to the traveling public. There seems to be nothing in the case that deprives defendant of its right to make a change of crossing. *Davis v. Railroad Co.,* 140 Ind. Sup. 468 (39 N. E. Rep. 495); *Railroad Co. v. Erwin,* 35 Am. & Eng. R. Cas. 311; *Jones v. Seligman,* 81 N. Y. 190; *Railroad Co. v. Clous,* 35 Am. & Eng. R. Cas. 296,—lend support to our conclusions. *Swan v. Railroad Co.,* 72 Iowa, 650, is not in point. In that case there was a valid agreement for a particular crossing. The basis of a claim of adverse possession must be color of title or claim or right. in hostility to the owner, and, if it be based on a statutory duty, it is simply permissive, and lapse of time will not ripen it into a title. The decree of the superior court is reversed, and the case remanded.—Reversed.

## Supplemental Opinion.

### Tuesday, October 22, 1901.

Per Curiam.—Entertaining doubts regarding the correctness of the original opinion filed in this case, a rehearing was granted, in order that we might re-examine the ques-

tions involved. On this rehearing we have carefully reconsidered the case in the light of the additional arguments filed by counsel on either side, and have concluded that the original opinion should be adhered to. The following authorities support the proposition that plaintiff's husband did not acquire a private under crossing by adverse possession: *Hoban v. Cable,* 102 Mich. 206 (60 N. W. Rep. 166), *Town of Deerfield v. Connecticut River R. Co.,* 144 Mass. 325 (11 N. E. Rep. 105); *Dunham v. City of New Britain,* 55 Conn. 378 (11 Atl. Rep. 354); *Kittaning Academy v. Brown,* 41 Pa. 269. On the question of the defendant's right to change a private crossing once established, we deem it proper to state that before this action was commenced the under crossing had been filled up, and a new one established, under the circumstances and conditions stated in the original opinion. The suit was in the nature of an action for a mandatory injunction to compel defendant to give plaintiff an open under crossing. According to the record, the fill was made in the interest of safety and to save expenses, and such a fill is common in history of railway building in this state. The evidence also shows that it would cost $500 to $600 to put in a wooden structure that would afford an open under crossing, and from $1,000 to $1,200 to put in an iron one. As plaintiff had no contract rights, and no title or right to the under crossing through adverse posession, the ultimate question is, will the court compel defendant to give her an open under crossing, under the facts disclosed? As said in the original opinion, grade crossings are the rule in this state, and when a party has an adequate crossing at grade he has all he is entitled to as of right. The expense of creating and maintaining an under or over crossing is also to be taken into account. *State v. Chicago, M. & St. P. Ry. Co.,* 86 Iowa, 304. Of course, when a crossing is once established, the railway company cannot arbitrarily change it; and there may be cases

where on account of improvements made by the landowner, or for some other cause, no change will be permitted. But this is not one of them. There is no claim of any damage to the plaintiff, except as a grade crossing will be more inconvenient to her than one made under the track; but this, as will appear from the cases cited in the original opinion, is not in itself sufficient to entitle her to an under crossing. The evidence shows without dispute that the change was made in the interest of safety to the traveling public, and that to compel the defendant to establish and maintain an open under crossing would entail large expense —such an expenditure as is not contemplated by law. The mere fact that defendant gave plaintiff's husband more than he was entitled to under the law is not controlling. *King v. Railway Co.,* 71 Iowa, 696.

     The original opinion is adhered to, and the decree RE- VERSED.