ELMER F. MATTICE v. THE CHICAGO GREAT WESTERN RAIL-
WAY COMPANY, Appellant.

**Railroads:** PRIVATE CROSSINGS. The owner of land adjoining both
1  sides of a right of way may compel the construction of a convenient crossing, when he is required to travel an unnecessary distance of one hundred and sixty rods in a public highway to reach his land on the opposite side of the track.

**Same.** If otherwise entitled to it, a land owner may compel 'a
2  crossing over a right of way at a point where the company had acquired by deed and owned, in addition to the right of way, a strip of ground which it used to protect the road from snow.

*Appeal from Delaware District Court.*— HON. FRANKLIN
C. PLATT, Judge.

FRIDAY, JUNE 8, 1906.

ACTION of mandamus to compel the defendant to make an adequate crossing over its road. Judgment for plaintiff, from which the defendant appeals.— *Affirmed.*

T. P. McNamara and Yoran, Arnold & Yoran, for appellant.

Bronson, Carr & Sons, for appellee.

SHERWIN, J.— The plaintiff is the owner of land on both sides of the defendant's railway; his land on one side thereof having been purchased after he acquired the land on the other side, and after the construction of the road. There is no crossing on his land and to reach that on the north side of the track he is compelled to go west eighty rods to a north and south public highway, then across the track and east eighty rods. This action was brought to compel a crossing under the provisions of section 2022 of the Code which is as follows: " When any person owns land on both sides of any railway the corporation owning the same shall when requested so to do make and keep in good repair one cattle guard and one causeway or other adequate means of crossing the same at such reasonable place as may be designated by the owner." The appellant contends, first, that as plaintiff has access to both tracts of land through the medium of the public highway he is not entitled to the crossing demanded; and, second, that it acquired title to its right of way one hundred feet in width, and in addition thereto a strip of land fifty feet in width on the north side thereof at the point where the plaintiff demands a crossing, by warranty deed from a common grantor prior to the plaintiff's purchase, and that the court cannot constitutionally compel it to furnish a crossing over the aforesaid strip of land without compensation therefor. We fully agree with the conclusion of the trial court that the demand for a crossing at the point in question is not an unreasonable one. There is no crossing between his two tracts of land and to reach that north of the right of way he is now obliged to go to the public highway and to travel one hundred and sixty rods. The statute

1. RAILROADS: private crossings.

evidently contemplates more convenient access than is usually afforded by a public highway, even though one side of the land may abut thereon, and such is undoubtedly the holding of our cases. *Boggs v. C., B. & Q. Ry. Co.,* 54 Iowa, 435; *Herrstrom v. Newton & N. W. R. Co.,* 129 Iowa, 507; *Schrimper v. C., M. & St. P. R. Co.,* 115 Iowa, 35; *State v. B., C. R. & N. Ry. Co.,* 99 Iowa, 565; *Van Vrankin v. Railway Co.,* 68 Iowa, 576.

The real contention in this case is over the plaintiff's right to have a crossing at the point designated by him because of the fact that it will cross the strip north of the one hundred feet right of way. If this strip of

2. SAME.

land is not a part of the appellant's railway it is evident that the plaintiff is not the owner of land on both sides thereof, where such strip intervenes between the railway and his land, and hence is not entitled to a crossing under the statute in question. On the other hand, if the strip is a part of the railway, although the railway may be more than one hundred feet in width, the statute applies whether the additional land is acquired by purchase or by condemnation. The statute (Code, section 1994) provides that a railway corporation may take and hold . . . so much real estate as may be necessary for the location, construction, and convenient use of its railway, etc. It then limits the amount that may be so taken " otherwise than by consent of the owners, to a strip 100 feet in width, except for wood and water stations, unless where greater width is necessary for excavation, embankment, or depositing waste earth." It is not true, therefore, that the statute contemplates the condemnation only of a right of way one hundred feet in width, for it expressly provides for taking more land for the purposes specified, thus expressly recognizing the fact that a railway may require more than one hundred feet in width for its construction and maintenance. While the right to condemn is limited, no limitation is placed on the right to acquire by purchase such other land as may be

deemed necessary to such construction or maintenance. If the appellant had acquired the additional strip in controversy by condemnation proceeding for any of the purposes named by the statute, it would hardly be contended that it was not a part of its railway within the purview of section 2022. The record shows that this strip was purchased for the purpose of more fully protecting the road from snow. In other words, it was deemed necessary for the better operation and maintenance of the road. It was acquired and has been used for no other purpose, and in our judgment it is as much a part of the appellee's railway as its depot grounds, sand pits, or any other part of its so-called right of way. *Gates v. Railway Co.,* 82 Iowa, 518; *Farley v. Railway Co.,* 42 Iowa, 234.

In common and accepted usage the meaning of the terms " railways " and " railroads " has been extended to include not only the permanent way, but everything necessary to its operation including stations, warehouses, roundhouses, locomotive and car shops and also all other property of the operating company. Century Dictionary; *Gibbs v. Drew,* 16 Fla. 147 (26 Am. Rep. 700); *United States Trust Co. v. Atlantic & P. R. Co.,* 8 N. M. 673 (47 Pac. 725); *Atchison, T. & S. F. Ry. Co. v. K. C., M. & O. Ry. Co.,* 67 Kan. 569 (70 Pac. 939); *State ex rel. New Haven & D. R. Co. v. Commissioners,* 56 Conn. 308 (15 Atl. 756); *Miller v. R. & W. R. R. Co.,* 36 Vt. 452; *State Treasurer v. Somerville & E. R. R. Co.,* 28 N. J. Law, 21; *United States v. Denver & Rio Grande R. Co.,* 150 U. S. 1 (14 Sup. Ct. 11, 37 L. Ed. 975). The deed under which the appellant took title clearly conveyed a mere right of way, and nothing more; and such interest is the same, whether granted or condemned. *Smith v. Hall,* 103 Iowa, 95; *Brown v. Young,* 69 Iowa, 625.

It follows, therefore, that, if the plaintiff is otherwise entitled to the crossing, the width of the appellant's holding for railway purposes and the manner of its acquisition are

in no wise controlling.   If we are right in our conclusion on this point, the constitutional question urged is not involved.   The trial court reached the correct conclusion, and the judgment is *affirmed*.