DUNBAR v. STICKLER ET AL.

1. **Conveyance: EPXRESSED CONDITION.** Where a conveyance is made upon a condition, the condition expressed in the deed must be conclusively presumed, in the absence of fraud, accident or mistake, to be the only condition, and if that is kept the title cannot be assailed.

2. ——: ——: **TIME OF PAYMENT.** Where the time of payment fixed in a deed is upon a day specified "if required or demanded," a reasonable time is allowed after demand in which payment may be made.

3. ——: ——: **CONSIDERATION.** A conveyance will not be deemed voluntary and improvident when made in consideration of an agreement for the payment of money which is enforceable in an action at law.

*Appeal from Dubuque District Court.*

TUESDAY, MARCH 20.

ACTION in equity to set aside a deed. The plaintiff, George Dunbar, and his wife, Margaret Dunbar, executed the deed

in question to their son-in-law, John Stickler. The consideration expressed in the deed is $10,000. In the deed is a condition in the following words:

"Now, if the said John Stickler shall pay or cause to be paid to the said George Dunbar or Margaret Dunbar, his wife, interest on the ten thousand dollars herein expressed at the rate of six per cent per annum, interest payable annually, if required or demanded, during the lifetime of said George or Margaret Dunbar, then this deed *vests* in said Stickler the title fee simple absolutely upon the death of said George and Margaret Dunbar, to all the lands above described. But should George or Margaret Dunbar survive the said Stickler, then and in that event the heirs of said John Stickler are to assume and perform the conditions above set forth as fully and faithfully as if he, the said John Stickler, were alive to perform the same, and a failure on their part to do so will vitiate and render this conveyance void.

"The intention of this conditional conveyance is to make the title to all the lands set forth and described in the same absolutely perfect in John Stickler upon the decease of George and Margaret Dunbar."

After the execution of the deed the said John Stickler died intestate, leaving as his only heir the defendant, George Stickler.

The plaintiff avers, in substance, that it was agreed between him and the said John Stickler that said John Stickler would furnish him a home as a part of the consideration of said deed, and that said John Stickler and his heirs have failed to do so. He also avers, in substance, that on the day the sum of $600 became due, as provided in the deed, he demanded it of the defendant, George Stickler, who refused to pay the same or any part thereof. The fact in regard to such demand and refusal is, that at the end of the year, from the time of the execution of said deed, the said George Stickler had been sick and was then recovering; the plaintiff demanded the $600 as he alleges; the defendant replied that he did not have the money by him, but would get it as soon as he could; the next day the defendant procured the money and offered it to

the plaintiff, but the plaintiff declined to accept it; he claims the right to avoid the deed on the ground that the money was not offered when due; and that neither John Stickler nor his heirs have provided him a home as was verbally agreed; he also claims that the conveyance was voluntary and improvident, and may for that reason be set aside. Decree for defendant. Plaintiff appeals.

*McNulty & McCeney*, for appellant.

*Myron H. Beach*, for appellee.

ADAMS, J.—I.   Where a conveyance is made upon a condition, the condition expressed in the deed must be conclusively presumed (in the absence of fraud, accident or mistake) to be the only condition, and if that condition is kept the title cannot be successfully assailed.   To engraft upon the condition expressed in the deed another by parol would be to vary by parol the legal effect of the deed.   That this cannot be allowed is substantially held in *Isett et al. v. Lucas*, 17 Iowa, 503.   See, also, *Henderson v. Henderson*, 13 Mo., 152.   For some purposes the consideration may be shown to be different from that which is expressed.   But the rule is that this cannot be allowed for the purpose of avoiding the deed or varying its effect.   If there are exceptions they are in cases involving principles peculiar to themselves.   For instance, the consideration has been allowed to be shown to be more than that expressed to avoid a deed upon the ground that it was improperly stamped.

1. CONVEYANCE: expressed condition.

The case at bar is an ordinary case of a conveyance, where the title was not to become absolute except upon the payment of an annual sum during the grantor's life.   To allow the condition to be enlarged by engrafting thereon by parol the further condition that during the same time the grantor was to be furnished with a home, would be equally as objectionable as to allow it to be enlarged by evidence in parol that the annual sum to be paid was greater than that expressed.

The appellant cites *Porter v. Dubuque*, 20 Iowa, 440, as

containing the doctrine upon which he relies. In that case the creditor of a municipal corporation had an interview with a committee of the common council, in relation to the adjustment of his debt, and the committee made a report in writing to the council of the terms upon which the debt could be discharged. It was held, in an action upon the debt, that the introduction of the report in evidence did not preclude the defendant from showing the conversation at the interview. The report was not a written instrument to which the creditor was a party.

II. The condition expressed in the deed has, we think, been substantially performed. The deed was executed upon the 25th day of November, 1873. The sum of $600 provided therein to be paid did not become payable before November 25, 1874, nor did it become payable upon that day by simple lapse of time. It was to be payable "if required or demanded." On that day it was, to be sure, demanded, and was not paid nor tendered until the succeeding day. But we do not think that the title was forfeited. To hold that it was would, in our opinion, be placing an improper construction upon the deed. The money was not payable until demanded. We cannot think that a forfeiture should take place immediately upon non-payment of money not due until demanded, unless such forfeiture is expressly provided for. An inspection of the deed in question will reveal no such intention. In *Hayden et al. v. Stoughton*, 5 Pick., 534, PUTNAM, J., speaking of forfeiture, says: "Where no particular time is mentioned for the performance of a condition subsequent, the law requires that it should be done within a reasonable time." In the case at bar the deed had been executed and delivered. It was not contemplated that any other instrument should be executed to pass the title. It had already passed subject only to be defeated by the non-performance of the condition. An application is now made to a court of equity to re-vest it. If it can be done at all it must be done upon equitable grounds. By the condition, the $600 was to be paid annually if demanded. It is clear that if the grantee had agreed simply to pay $600 if demanded,

<div style="float:left">2. ——: ——: time of payment.</div>

he would have a reasonable time after demand in which to pay it before any equitable ground could exist for declaring a forfeiture of the title conveyed by the deed. As the obligation to pay annually was made to depend upon demand, we think that the same rule should apply. The construction contended for by the appellant would require the grantee to hold himself in readiness by keeping a fund on hand to prevent a forfeiture. The plaintiff might demand the money, or any part thereof, at any time after the same was demandable. That is the meaning of the condition. The plaintiff made what he deemed a provision for his wants, and the deed must be interpreted in the light of such purpose. The lapse of a single day after demand was not, under the circumstances shown, an unreasonable delay of payment, and the relief asked cannot be granted upon that ground.

III. The appellant contends that the conveyance is voluntary and improvident, and that it should be set aside for that reason.

3. ——: ——: consideration.

Upon this point our attention is called to *Garnsey v. Munday*, 24 N. J., 243. How far a court should go in setting aside a conveyance, at the instance of the grantor, on the ground that it is voluntary and improvident, we need not stop to inquire. The plaintiff avers in his petition that in consideration of the conveyance the said John Stickler agreed to pay him $600 a year. Possession was taken by John Stickler, as grantee, and upon his death by the defendant, George Stickler, as his heir. Such an agreement is enforceable, although not expressed in the deed. *Trayer v. Reeder*, 272, *ante*. The conveyance, therefore, was not without consideration.

IV. As the defendant has tendered to plaintiff two sums of $600 each, we think he should have a judgment for $1200 without interest or costs. With this modification, the decree of the District Court should be

AFFIRMED.