THE OXFORD BOARD OF TRADE, DEFENDANT IN ERROR, v. THE OXFORD IRON AND STEEL COMPANY, PLAINTIFF IN ERROR.

Argued March 22, 1911—Decided June 19, 1911.

1. The meaning of the language contained in a condition subsequent in a deed, presents a question of construction for the court.
2. In an action of ejectment to recover lands claimed to have been forfeited by reason of the breach of a condition subsequent contained in the deed of conveyance, which required the grantee to continuously conduct its business at Oxford for a period of five years, the court left it to the jury to determine whether the grantee "failed to continuously conduct its business according to the terms of this agreement." *Held*, that the instruction was correct.

---

On error to the Supreme Court.

For the defendant in error, *McCarter & English.*

For the plaintiff in error, *Oscar Jeffery.*

The opinion of the court was delivered by

Minturn, J. An action of ejectment was instituted by the plaintiff to recover certain lands in Oxford, in the county of

Warren, for a breach of a condition subsequent contained in the deed of conveyance by the plaintiff to the Delaware and Lackawanna Steel Company. For the purpose, doubtless, of encouraging the locating of manufacturing interests at Oxford, the board of trade of that municipality conveyed the *locus in quo* to the grantee by a deed of conveyance in fee, with a condition subsequent, as follows:

"That in the event the Delaware and Lackawanna Steel Company shall fail to continuously conduct their business in Oxford for a period of five years from the date of said proposition, then the said property hereby conveyed should revert to the said board of trade of Oxford, New Jersey, including all improvements and additions to said buildings and property."

The defendant filed a plea of general issue, thus admitting its possession, and the jury found for the plaintiff.

The proof showed that during the five years' period of limitation prescribed in the deed there had been a substantial interruption to the business. That in the spring and summer of the year 1909 the grantee had ceased operating, and that in the fall of that year it had absolutely shut down and had placed a watchman in charge of the plant. It was also in evidence that its personal property had been sold by the sheriff under execution in December, 1909, and that the grantee named in the deed had thereafter delivered possession of the plant to a third party.

The trial of the cause turned upon the question of the construction to be given to the condition subsequent contained in the deed, and that, concededly, was a court question. *Smith v. Lunger,* 35 *Vroom* 539.

The difficulty of construction arose from the collocation of the words in the condition, "fail to continuously conduct their business in Oxford for a period of five years."

The defendant contended that the interruption to the business of the grantee under this verbiage, must exist for five years in order to work a forfeiture for a condition broken. The trial court refused to so charge, and we think quite properly. While it is the undoubted rule that conditions of this char-

acter, which involve the forfeiture of an estate, are *stricti juris,* and to be construed strictly, they nevertheless must be interpreted in the light of the circumstances surrounding the grant and the clear and reasonable meaning of the language employed by the parties to manifest their intent. *Southard* v. *Central Railroad,* 2 *Dutcher* 20; *McKelway* v. *Seymour,* 5 *Id.* 328.

The trial court having read the language of the condition to the jury, left it to them to determine whether, under the evidence, "the Delaware and Lackawanna Steel Company had failed to continuously conduct its business according to the terms of this agreement." We think this direction contained the proper construction of the condition; that the intent of the parties to the conveyance was to provide for the conducting of the grantee's business without more than the usual and ordinary business cessations continuously for five years, and that a practical abandonment of the work by the grantee during the period of limitation worked a forfeiture of the grant.

It is also assigned for error that the trial court refused to admit in evidence in behalf of defendant a deed made by the sheriff of Warren county in June, 1910, conveying the plant to one Robert M. Petty. If this ruling was erroneous, and we fail to see in what respect the deed was material to the defendant's case, the only effect would be to exclude from the consideration of the jury cumulative testimony of a breach of the condition, by the grantee; and in that light its rejection was beneficial rather than harmful to the defendant.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, SULLIVAN, JJ. 13.

*For reversal*—None.