CAROLINA AND NORTHWESTERN RAILWAY COMPANY v. O. D. CARPENTER AND THE HARDEN MANUFACTURING COMPANY.

(Filed 6 May, 1914.)

1. **Deeds and Conveyances—Interpretation—Intent.**

   A deed must be interpreted as a whole, with the view of ascertaining the true intent of the parties, regarding the circumstances attending the transaction, the situation of the parties, and the status of the thing granted, when such are necessary and relevant.

2. **Same — Railroads—Easements—Forfeiture—Covenant—Breach— Equity.**

   In construing a deed to lands—in this case a grant of an easement to a railroad company—conditions subsequent to the vesting of the title, which would work a foreclosure, should be strictly construed and taken most strongly against the grantor; and courts of equity will relieve against a forfeiture for breach of covenants in the conveyance when a just compensation can be made in money or other things of value.

165—30

R. R. *v.* CARPENTER.

**3. Same—Conditions Subsequent.**

The plaintiff granted a right of way over and upon his lands to the defendant railroad company in consideration of $1 and the benefits to accrue to his lands, with provision also that the defendant should locate on its road, within a specified time, a sidetrack and flag station and other conveniences usually given to mill companies; and after the habendum and tenendum clause, the conveyance expressly sets forth certain conditions the failure to observe which would work a forfeiture, such as the failure to operate the railroad, etc., through and upon said lands, etc.: *Held;* the deed should be construed as a whole, and it appearing therefrom that the construction of the road was necessarily of a permanent character and for the public use. and the conditions unperformed, the subject of the controversy, not appearing in that part of the deed containing the conditions subsequent, the latter will be considered as covenants running with the land, which, by the acceptance of the company, it will be obligated to perform, and upon its failure to do so, the grantor's right of action will either be for specific performance or sound in damages.

APPEAL by defendant from *Webb, J.,* at October Special Term, 1913, of GASTON.

Civil action to enjoin defendants from interfering with the plaintiff's occupation of its right of way and station, upon these issues:

1. Have the defendants, O. D. Carpenter and Harden Manufacturing Company, wrongfully and unlawfully claimed and asserted a right to the exclusive possession and use of the plaintiff's siding, freight station facilities, and right of way at the station of Hardens, on said plaintiff's line of railway? Answer: Yes.

2. What damage, if any, has the plaintiff sustained thereby? Answer: $1.

*J. H. Marion, A. L. Bulwinkle for plaintiff.*
*Cansler & Cansler, Mangum & Woltz for defendant.*

BROWN, J. The controversy, in our opinion, is to be settled by a proper construction of the following deed:

STATE OF NORTH CAROLINA—COUNTY OF GASTON.

Know all men by these presents, that the Harden Manufacturing Company of the said county and State, for and in consideration of the sum of five dollars ($5) to it paid by the Carolina and Northwestern Railway Company, the receipt whereof is hereby acknowledged, and in further consideration of the benefits to accrue to it by the use and occupation of the premises hereinafter described by said railway company for the purpose hereinafter indicated, do hereby bargain, sell, and convey unto the said Carolina and Northwestern Railway Company the following described premises:

All that certain belt or strip of land lying within twenty-five (25) feet of the center line of said railway company as now located, through said manufacturing company's lands, with so much more land as may be actually necessary to build, maintain, and operate said railway, only, through said strip or belt of land, not to exceed fifty (50) feet in width from the center line.

Provided said railway company locates or causes to be located within twelve months from this date, or within three months after it begins to operate trains over said strip or track, a sidetrack, flag station, and other conveniences given other mill companies, at some suitable point on said manufacturing company's lands.

To have and to hold, all and singular, the said premises unto the said Carolina and Northwestern Railway Company, its successors, and assigns forever.

But this deed of conveyance is made upon the express consideration that said premises shall not be used or occupied by said railway company, its successors or assigns, for any other purpose or purposes than the building thereon of railway tracks and other works and structures necessary or incident to the operation of a railroad line or lines through and upon said land, such use and occupation to commence within two years from this date, and in the event such use of the said premises shall not be commenced within the said period, or in the event the said premises should ever thereafter cease to be used by said

railway company, its successors or assigns, for the purpose aforesaid, for a longer period than one year, then this' deed of conveyance shall be null and void.

In testimony whereof the Harden Manufacturing Company have hereunto set its hand and affixed its seal, this 9th day of August, A. D. 1901.

> HARDEN MANUFACTURING COMPANY,  [L. S.]
> O. D. CARPENTER,  [L. S.]
> *Secretary and Proprietor.*

We do not agree with the defendants that the proviso in the descriptive part of the deed is a condition subsequent, a failure to perform which divests the plaintiff's title and revests it in the defendant.

We must interpret the deed as a whole, and endeavor to ascertain the true intent of the parties. *Gudger v. White,* 141 N. C., 508.

The extent of the rights acquired must, therefore, depend upon the construction placed upon the terms of the grant, and in construing such instruments, the Court will look to the circumstances attending the transaction, the situation of the parties, and the state of the thing granted, to ascertain the intention of the parties.

In cases of doubt, the grant must be taken most strongly against the grantor. Conditions subsequent working a forfeiture of the estate conveyed should be strictly construed, as such conditions are not favored in law, and are to be taken most strongly against the grantor to prevent forfeiture. 14 Cyc., 1201.

Courts in such cases will look to the good sense and sound equity—to the object and spirit—of the contract. Courts of equity will not aid in divesting an estate for a breach of a covenant—a contract—when a just compensation can be made in money or other valuable thing, but will relieve against forfeitures claimed by strict construction of any common-law rule. 12 Cyc., 706; *Robinson v. Ingram,* 126 N. C., 327.

This instrument sets out the intent and purpose of the parties, which was to convey a certain strip of land, as a right of

way for a railway, in consideration of the benefits to accrue to the grantors. The use was a public use, as much, or more, for the public benefit as for the private advantage of the trustors.

It was not for a temporary purpose, but to secure the construction of a permanent structure to be constructed at great expense for the public service.

There are certain conditions subsequent in the deed, especially set out after the tenendum and habendum. Those conditions are to the effect that the grantee, its successors and assigns, shall use and occupy the land conveyed exclusively for railroad purposes, and that in the event such use shall not commence within two years from the date of the deed, or in the event the premises shall ever thereafter cease to be used for such purposes, for a longer period than one year, then the deed shall be void.

If the grantor had intended that the proviso set out in the descriptive part of the deed should ever take effect as a condition subsequent, he would have inserted it among the conditions subsequent expressly enumerated in the closing part of the deed. *Expressio unius est exclusio alterius.*

The proviso contains no words of forfeiture, and nothing to indicate that a failure to perform it should avoid the deed. Of course, it was inserted for the grantor's benefit, and that effect is given it by construing it to be a covenant or contract upon the part of the grantee, which an acceptance of the deed obligated it to perform.

If the defendant has failed to perform such contract, the plaintiff may compel it to do so, or recover damages for the breach by proper legal proceedings. *Parrot v. R. R., ante,* 295; *Oregon Ry. v. McDonald,* 32 L. R. A. (N. S.), 117.

There is nothing in this opinion which militates against the right of the defendant to sue on the contract or covenant mentioned.

The judgment of the Superior Court is

Affirmed.