(No. 2565. April 24, 1923.)

BERGER et ux. v. SANTA FE COLLEGE.

SYLLABUS BY THE COURT.

Where in a condition subsequent in a deed, misuser of the premises is specified as ground of forfeiture and reverter, mere nonuser of the premises furnishes no basis for forfeiture.

Appeal from District Court, Santa Fe County; Holloman, Judge.

Action by William M. Berger and wife against Santa Fe College. From a judgment for plaintiffs, defendant appeals. Reversed and remanded, with instructions.

Frank W. Clancy, of Santa Fe, for appellant.

George W. Prichard, of Santa Fe, for appellees.

OPINION OF THE COURT.

PARKER, C. J. In 1882 the plaintiff conveyed the premises in controversy to the University of New Mexico in consideration of $1 and the "cause of Christian education." Following the description of the property conveyed the deed provided:

"In trust, to be used and maintained by said University of New Mexico as a Christian educational institution of learning, and none other, and should any other use or disposition of said premises or any portion thereof be permitted, the same premises, * * .* shall revert to the said parties of the first part, * * * the exclusive use of said premises for such purposes being a condition upon which this conveyance is made and agreed to by the said party of the second 'part and their successors in accepting the trust created by this deed.

"And the said party of the second part hereby expressly agrees * * * that the premises shall be used for the use and purposes of establishing and maintaining a Christian educational institution of learning only, and that on any other use or disposition being made of the same, * * * said premises * * * shall revert to * * * the parties of the first part and their heirs."

The habendum clause provided that the premises were held "conditioned that the conditions hereinbefore expressed are established and maintained."

Counsel for both appellant and appellees treat the language above quoted as constituting a condition subsequent, and it will be so treated by us. The property was afterwards mortgaged by the University of New Mexico, which mortgage was subsequently foreclosed, and the appellant, Santa Fe College, is the present holder of the title. On April 18, 1914, the appellees brought suit to establish a forfeiture and consequent reverter to them of the title to the property by reason of a violation of the condition in the deed above set out. They alleged in the complaint the condition in the deed to the effect that the property was conveyed to the University of New Mexico "in trust to be used and mantained by it, or its successors in interest, as a Christian educational institution of learning, and for no other purpose, with the condition in said conveyance that should said property be used for any other

purpose than for a Christian educational institution, or any other disposition be made of the same, the said premises, together with all of the improvements thereon should revert to the plaintiffs, or their heirs,'' and that the said University of New Mexico ''agreed at the time aforesaid that, on any other use or disposition being made of the same or any part thereof, said premises with all its improvements should revert to and become the property of the plaintiffs, said conditions being contained in said conveyance.'' They further alleged that neither the University of New Mexico nor the Santa Fe College had, since April 25, 1904, used, occupied, or maintained said premises for a Christian Educational institution of learning; and that each of said corporations has wholly, since said date, failed to comply with the conditions contained in the deed of conveyance. There was another party defendant in the cause who held under a tax title for taxes levied in 1904. In pleading the facts which it was deemed necessary in order to avoid the tax title, the appellees pleaded that the premises had never been leased to any one for pecuniary profit, and that therefore the premises were not subject to taxation, they being used for benevolent, educational, and religious purposes.

The answer filed is devoted largely to showing that the premises were not subject to taxation, and that therefore the tax title was void, and likewise alleges that no use of the premises had been made contrary to the terms of the condition in the deed, and denied any abandonment of the property. The case went to trial before the court, and was a triangular controversy, both the appellees and appellant combining against the holder of the tax title. At the trial the holder of the tax title offered to show the leasing of the premises to the school board of Santa Fe for a period of years between 1893 and 1899. Objection was made on the part of both appellees and appellant to this showing as against the holder of the tax title upon the ground that the proof was not within the issues in the case. Thereafter, however, during the trial, both the appel-

lees and appellant seemed to abandon this objection, and the appellant, at least, proceeded to cross-examine one of the appellees, and to show by him that the premises had been leased by the University to the School Board of Santa Fe for the purpose of conducting therein the public schools of the city of Santa Fe.

The court made findings of fact and conclusions of law to the effect that the tax title was void on the ground that the property was not subject to taxation. He further found that the University of New Mexico leased the property to the Board of Education of the city of Santa Fe, which board used and occupied said building for educational purposes from 1893 up to and including the school year of 1898-1899, and paid to the University rent therefor in the amount of $382 for the year 1893, and smaller amounts for the years thereafter, and that at no other time had said property been leased or rented, or otherwise used, with a view to pecuniary profit. The court further found that the appellant and the University of New Mexico had long prior to the institution of the action abandoned the property for the purposes mentioned in the deed, and had allowed said property to deteriorate and decay, and to become greatly depreciated in value, to such a degree as to be unfit for use or occupancy. He further found that the University of New Mexico had used and maintained said property for other than a Christian educational institution of learning, in that during the years 1893 to 1899, inclusive, it had leased and rented said property, as hereinbefore mentioned, for pecuniary profit. He further found that, by reason of non-user, the appellant and the University of New Mexico had failed to comply with the condition contained in the deed. The court concluded as a matter of law that the appellant and the University of New Mexico had forfeited all right to the property, and awarded a judgment setting aside the tax deed, setting aside and canceling the deed from the appellees to the University of New Mexico, and forfeiting the said property to the said appellees, and quieting their title. From this

judgment this appeal has been perfected by the Santa Fe College.

In approaching the question involved some general considerations may not be out of place. It may be said that conditions which, if enforced, work a forfeiture of the estate are not favored in the law, and are to be construed strictly and most strongly against the grantor. 18 C. J. "Deeds," § 381; 8 R. C. L. "Deeds," § 171; 2 Devlin on Real Estate, §§ 970, 970c. But, where the language is plain, the condition will ordinarily be enforced. 2 R. C. L. "Deeds," § 172; 18 C. J. "Deeds," § 370; 2 Devlin on Deeds, § 970D. The intention of the parties, as gleaned from the language used, and the circumstances surrounding the transaction, will ordinarily be the controlling consideration in the interpretation of the condition of the deed. Oxford Board of Trade v. Oxford Iron, etc., Co., 81 N. J. Law, 694, 80 Atl. 324.

Applying these principles to the deed in question, it seems clear that a forfeiture should not be declared under the pleadings and facts in this case. A recourse to the language of the deed discloses that it provides for the forfeiture and reversion of the estate for misuser, and not for nonuser. There is an express provision that, if the premises should be used for any other purpose than for a Christian educational institution, they shall revert to the grantor. There is some general language used to the effect that the conveyance of the land is in trust to be used and maintained as a Christian educational institution, and the grantee agrees that the premises shall be used only for the purpose of establishing and maintaining such character of institution, and in the habendum clause the tenure is provided to be conditioned upon the establishment and maintenance of the condiitons expressed in the deed. Nevertheless, when the grantors came to express in the deed the facts upon which a forfeiture and reversion were to take place, they expressly limited those facts to such as would constitute a misuser of the premises, and not a nonuser of the same. This limitation of the facts which

shall work a forfeiture indicates an intention to exclude all other facts as constituting ground for such forfeiture. A similar interpretation has been adopted elsewhere. See 18 C. J. ''Deeds,'' § 370; Carolina, etc., Ry. Co. v. Carpenter, 165 N. C. 465, 81 S. E. 682; Dunbar v. Stickler, 45 Iowa, 384.

We have, then, a case where a misuser of the premises granted must be relied upon and shown before forfeiture and reverter can take place. It is to be observed, from the analysis of the pleadings appearing above, that the complaint was framed upon the theory that there was such nonuser of the property as to amount to abandonment, and that this effected forfeiture under the terms of the condition in the deed. The answer denies abandonment of the property, and denies any misuser. The court, while it made findings of faces as to misuser, based its judgment upon nonuser, amounting to abandonment. If our interpretation of the provisions of the deed is correct, as we think it is, the court was in error in declaring the forfeiture. If nonuser was intended by the parties as ground for forfeiture, they would have so provided in the deed. That a grant for a particular use, without words of forfeiture or re-entry upon discontinuance of the use, is not defeated by nonuser, see 18 C. J. ''Deeds,'' §405; Taylor v. Campbell, 50 Ind. App. 515, 98 N. E. 657; Murphy v. Metz, 85 S. W. 1097, 27 Ky. Law Rep. 617.

It will not be necessary to determine whether the use to which the property was put by renting it to the school board of Santa Fe for school purposes, and applying the rental to interest on the mortgage and insurance on the building, constituted a misuser; the issue of misuser, as between the appellees and appellant, not being within the pleadings.

It follows from the foregoing that the judgment of the court below is erroneous, and should be reversed, and the cause remanded, with instructions to dismiss the complaint of the appellees against the appellant; and it is so ordered.

.. BRATTON and BOTTS, JJ., concur.