( No. 2780.    March 8, 1924.)

## CHAPLIN v. KORBER REALTY, Inc.

### SYLLABUS BY THE COURT.

1. A mistake of a vendor in the sale price of land, not occuring through want of care or the exercise of diligence, is a defense to a suit for specific performances, and the

plaintiff will be denied such relief where it can be done without injustice to him.

2. The equitable remedy of specific performance is not granted as a matter of absolute right, like the right to recover a judgment at law, but only in accordance with equity and good conscience, and it is never granted where to do so would be harsh, inequitable, contrary to fairness and against good conscience.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by William Chaplin against Korber Realty, Incorporated. From a judgment for defendant, plaintiff appeals. Affirmed.

Heacock & Grigsby, of Albuquerque, for appellant.

E. W. Dobson, of Albuquerque, for appellee.

OPINION OF THE COURT.

BRATTON, J. Korber Realty, Incorporated, a corporation, owned a number of different properties situated in the city of Albuquerque which were for sale. Albert Korber, vice president of the company, was somewhat unfamiliar with the respective prices placed upon such properties, and therefore prepared a list of them with their respective prices set opposite each of them. The appellant's wife called upon Albert Korber, and inquired with regard to the price of certain lots situated on North Third street. Being unfamiliar with such price, he referred to such list, and through mistake, advised her that it was $1,350. The actual sale price, as well as the price shown on the list referred to, was $2,600, the error occurring in Korber looking at the figures set opposite some lots situated on North Fourteenth street. This came about in casting his vision to the right of the descriptions of the properties and to the figures. In doing so, he dropped one line and read the price set opposite the lots situated on North Fourteenth street instead of the price set opposite the lots in question. The appellant's wife departed without any further negotiations, and on the following day, ap-

pellant's son called upon Albert Korber, and delivered
to him a check in the sum of $350 as a cash payment
upon said lots, for which a receipt was issued and de-
livered, and it was then mutually agreed that the re-
maining $1,000 should be paid 30 days thereafter when
the deed was executed and delivered. Within about
an hour thereafter Albert Korber had occasion to again
look at the list in question, and then for the first
time discovered his mistake. He immediately advised
the appellant thereof, and tendered him back the
check, which appellant declined to accept, saying
that he wanted to see his wife first. The following
day, Korber left the check at appellant's store. At
the end of the 30-day period, the appellant transmitted
$1,350 in currency to the appellee's store, with a written
demand for a deed conveying the lots. These were
immediately returned to the appellant,, with a re-
fusal to execute such deed, and this suit was thereafter
filed to enforce specific performance of the contract.
The facts constituting such mistake were fully plead-
ed as a defense.

The trial court found, in effect, that the mistake
occurred; that it was a material one, and resulted in
the minds of the parties failing to meet; that it was
not caused by negligence or carelessness, and that
to enforce such contract would be harsh, inequitable,
contrary to fairness and against good conscience, .and
would permit the appellant to gain an unfair advant-
age from the mistake of appellee's agent and repres-
entative. Specific performance was denied.

[1] 1. The controlling question in the case, and
the one most vigorously argued by counsel concerns
the effect of such a mistake as was made here; that is
to say, whether it can constitute a defense in an equit-
able action seeking specific performance of such a
contract. It seems well settled that one of the ele-
mentary principles of equitable jurisprudence is that
a court of equity will grant its affirmative or defen-
sive relief, as the circumstances may require, from the

consequences flowing from a mistake of fact made by one of the contracting parties, when it is brought about by ignorance, misapprehension, or misunderstanding of the truth, but without negligence, resulting in an act or omission done or suffered erroneously. Such a mistake, however, must be a material one, which concerns and involves the subject matter or the terms of the contract, and not merely incidents of the transaction. It must be so material that the court can say that such party would not have entered into the agreement had he known or understood the mistaken fact. And, in order to obtain relief from a court of equity, such mistake must not be caused by that want of care and diligence which should be exercised by a person of ordinary care and prudence under the same or similar circumstances. It is quite difficult to declare an exact or hard and fact rule to determine the degree of negligence each state of facts presents. Each instance must depend essentially upon its own facts and circumstances. 2 Pom. Eq. Jur. §§ 852-854; 1 Story's Eq. Jur. § 209; Fry on Specific Performance, § 759; 1 Elliott on Contracts, § 107; 6 R. C. L. "Contracts," § 42. The trial court found such mistake to be a material one, and that it was not due to the negligence of the appellee's agent, and this finding is supported by substantial evidence. In such event, it will not be disturbed on appeal. The citation of authorities to sustain this is unnecessary.

[2] 2. There is another consideration which precludes recovery by the appellant. The lower court specifically found that to enforce the contract in question would be harsh, inequitable, contrary to fairness, and against good conscience, and would permit the appellant to gain an unfair advantage from the appellee's mistake of fact. The equitable remedy of specific performance is not granted as a matter of course, or as an absolute right, like the right to recover a judgment at law, but only in accordance with equity and good conscience, and it is never granted where to do so

would, be harsh, inequitable, contrary to fairness, or against good conscience. The granting or denial of the remedy is a matter of discretion which is controlled by the well-established doctrines of equitable jurisprudence. We may say generally that such relief will be granted when it appears from a view of all the facts and circumstances shown in a particular case that it will subserve the ends of justice, and for a like reason it will be withheld when it appears, from the same viewpoint, that to enforce it will result in hardship, injustice, or unfairness. If either of these would follow from granting such relief it is the duty of a court of equity to leave the parties to their remedies at law. And this is the rule whether the mistake be unilaterial or mutual.

"Unilateral mistake of defendants not caused or contributed to by plaintiff has frequently been admitted as a defense when to enforce the contract would be harsh and unreasonable." 36 Cyc. 605.

See, also, Somerville v. Coppage, 101 Md. 519, 61 Atl. 318; Diffenderffer v. Knoche, 118 Md. 189, 84 Atl. 416; Caplan v. Buckner, 123 Md. 590, 91 Atl. 481; Bowman v. McClenahan, 19 Misc. Rep. 438, 44 N. Y. Supp. 482; Willard v. Tayloe, 8 Wall. 557, 19 L. Ed. 501; Hennessy v. Woolworth, 128 U. S. 438, 9 Sup. Ct. 109, 32 L. Ed. 500; and St. Nicholas Church v. Kropp, 135 Minn. 115, 160 N. W. 500, L. R. A. 1917D, 741, and cases there cited. The rule cannot be better stated than by this language, used by the Supreme Court of the United States in Willard v. Tayloe, supra:

"The discretion which may be exercised in this class of cases is not an arbitrary or capricious one, depending upon the mere pleasure of the court, but one which is controlled by the established doctrines and settled principles of equity. No positive rule can be laid down by which the action of the court can be determined in all cases. In general it may be said that the specific relief will be granted when is is apparent, from a view of all the circumstances of the particular case, that it will subserve the ends of justice; and that it will be withheld when, from a like view, it appears that it will produce hardship or injustice to either of the parties. It is not sufficient, as shown by the cases cited, to

call forth the equitable interposition of the court, that the legal obligation under the contract to do the specific thing desired may be perfect. It must also appear that the specific enforcement will work no hardship or injustice, for, if that result would follow, the court will leave the parties to their remedies at law, unless the granting of the specific relief can be accompanied with conditions which will obviate that result." 8 Wall. 567, 19 L. Ed. 501.

The findings of the trial court upon this aspect of the case are supported by the evidence. To force a party under the findings of the court to sell land listed and priced at $2,600 for only $1,350, slightly more than 50 per cent, of its value, where the other party has not been injured and no question of placing him in status quo is involved, would certainly be harsh, unjust, unfair, and unreasonable, and would widely depart from the settled principles of equity.

A decision of the case rests entirely upon the foregoing principles. There being no other legal question requiring discussion, the cause should therefore be affirmed; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.