24 P.(2d) 728

**WILLIAMS et al. v. SELBY et al.**

No. 3770.

Supreme Court of New Mexico.

Aug. 21, 1933.

Herman R. Crile, of Roswell, for appellants.

W. H. Patten, of Lovington, for appellees.

ZINN, Justice.

■■ The appellants, defendants below, on appeal assign twenty-four errors to the trial court, which are grouped by the appellants as seven "issues." The fifth, sixth, and seventh issues are assignments urged because of the failure to find for the appellants on the disputed facts. Inasmuch as the findings of ultimate facts as made by the trial court are supported by substantial evidence, they will not be disturbed on appeal. The findings requested by the appellants are based on evidence either in denial or contradictory of the evidence in support of appellee's theory, and apparently the court did not believe such evidence, and therefore it was not error to refuse those requested by the appellants. The conclusion of fraud based on such facts has not been questioned by appellants.

Such disposition leaves the four remaining issues to be disposed of, and each will be treated as presented.

This suit was brought to set aside and vacate two mineral deeds secured by the appellants from the appellee, and which deeds purported to convey to the appellants J. L. Selby and Carrie Selby a one-half interest in the mineral rights of the appellee's land located in Lea county, N. M.

The appellee alleged that he never knowingly or intentionally signed, acknowledged, or delivered any deeds to any of mineral land, and that, if his name appears on any deed, it was put there by Selby, or by E. T. Reese, agent for Selby, or it was obtained by trick and fraud practiced by the appellant Selby or E. T. Reese, and the deeds were secured without any consideration and through false statements, which appellee believed to be true, which statements were made with the willful design and intention of cheating and defrauding the appellee and depriving him of his minerals and property wrongfully.

That the mineral deeds in question were fraudulently obtained and without consideration, as found by the trial court, is amply supported by substantial evidence.

■■ The first issue presented by appellants is, that the court erred in overruling appellants' motion made at the beginning of the trial requiring appellee to elect which one of two theories pleaded, namely, forgery

or fraud, the appellee intended to prove. The appellants contend that the two theories are inconsistent.

Appellants misconstrue the doctrine of election of remedies as applicable to the issue. The doctrine of election of remedies applies only where there are two or more remedies, all of which exist at the time of the election, and which are alternative and inconsistent with each other, and not cumulative, so that, after the proper choice of one, the other or others are no longer available. 9 R. C. L. 958. The appellee here was seeking but one remedy, the aid of equity to cancel the two deeds secured by the appellants by fraud or forgery and without consideration. We see no merit in appellants' contention, or error in the refusal of the court to require the appellee to elect which of the alleged facts he intended to prove to justify cancellation, inasmuch as either fraud, misrepresentation, forgery, or want of consideration, coupled with the circumstances surrounding this transaction indicative of either fraud, misrepresentation, or forgery, justified the judgment.

The next "issue" is that the court permitted the appellee to testify, over objection of appellants, the contents of a letter which the appellee received from appellant Selby, without first laying a foundation for the introduction of such testimony showing that the original letter could not be produced. The appellants contend that nonproduction of the original letter had not been sufficiently explained.

Secondary evidence of the contents of a writing is admitted on the theory that the original cannot be produced by the party by whom the evidence is offered within a reasonable time after a diligent effort to obtain the original. The law exacts nothing unreasonable in such a case, and the degree of diligence required in any case depends upon the character and importance of the document, the purpose for which it is expected to be used, and the place where a paper of that kind might naturally be supposed to be found. If the document is valuable and important, a more diligent search is required than if it is of little or no value, and so the purpose for which it is proposed to use the written instrument has an important bearing in determining the degree of diligence required. 10 R. C. L. 918.

In this case the court stated into the record that the appellee had made what to the court seemed a diligent search for the letter among his papers, and had not been able to find it. We have examined the evidence, and, considering the nonimportance and shadowy value of the secondary evidence introduced, being merely "to see Reese" without showing for what purpose, and considering the infinitesimal value of the contents of the letter to the main issue, we believe the search was sufficient, and the court did not err.

The third issue relates to the introduction of testimony repeating conversations the appellee had with Reese, after Reese's power of agency for Selby had terminated,

at which conversations Selby was not present. The appellants fail to cite in their briefs the objectionable testimony referred to, and the court is unable to determine whether or not the same is prejudicial in any manner to the cause of the appellants, and we are in this instance compelled to invoke rule XV, § 16, of the Rules of Appellate Procedure, and disregard the proposition urged.

The fourth issue presented by appellants is that the trial court erred in refusing to make specific findings of fact as requested by the appellants on the theory that Comp. St. 1929, § 105-813, requires the court in cases tried without a jury, upon request, to make such findings of ultimate facts essential to a conclusion and determination of the issues. In this instance the court did make findings of the essential or determining facts on which its conclusion in the case was reached, and such findings are sufficiently specific to enable this court to review the case on the issues made up below. That is all that the statute referred to requires. Merrick v. Deering et al., 30 N. M. 431, 236 P. 735. It is not necessary that the court make a finding on every inconsequential bit of uncontradicted immaterial testimony introduced.

However, there was here no such request to find ultimate facts as was presented in Merrick v. Deering, supra, the denial of which was held error. Certain specific findings were requested, to be sure, and denied presumably because contrary to inferences drawn by the trial court from the evidence adduced. Appellant complains of uncertainty and omissions in the findings. But of this he may not avail himself, having failed to specify by request the particular ultimate facts as to which he desired findings, as in Merrick v. Deering, or to embrace the particular ultimate fact desired found in a requested finding containing nothing objectionable which would justify its refusal. Springer Ditch Co. v. Wright, 31 N. M. 457, 247 P. 270.

Since taking the appeal, the appellee James H. Williams died, and by stipulation of the parties hereto, which stipulation was approved January 30, 1933, the heirs of James H. Williams, to wit, Mae Williams, Emma Maude Taylor, Julia Cleo Culp, Harvey Roy Williams, Annie Ruth Schuertfeger, Tommie Lee Weir, Ora W. Weir, Lillie Pauline Hardin, and Robert Williams, the last named personally and as administrator, have been substituted as appellees, and the record in this court and in the district court will so show.

Finding no error in the record, the judgment of the lower court is affirmed. It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.