**WILLIAMS et al. v. BOX CHURCH BAPTIST CHURCH.**

No. 1512.

Court of Civil Appeals of Texas. Waco.

Sept. 20, 1934.

Rehearing Denied Oct. 4, 1934.

L. W. & B. D. Shepperd, of Groesbeck, for appellants.

Ira Lawley, of Groesbeck, for appellee.

ALEXANDER, Justice.

The Box Church Baptist Church brought this suit against the surviving widow and heirs of P. O. Williams, deceased, in trespass to try title to recover one acre of land situated in Limestone county. The case was tried before the court without a jury and resulted in judgment for plaintiff. The defendants appealed.

On September 17, 1923, P. O. Williams and wife owned and resided on a fifty-acre tract of land in Limestone county. On that date they conveyed to the appellee church out of said tract the one acre of land here involved. The deed of conveyance contained the following material provisions: "That we, P. O. Williams and Frances Williams, wife of P. O. Williams * * * for and in consideration

of the sum of Fifty ($50.00) and 00/100 Dollars to us paid by The Box Church Baptist Church * * * and for the further consideration that there are not to be erected any building or buildings other than a Church House for worship on the land herein conveyed; And it is stipulated and agreed that a violation of the above agreement shall render this deed null and void and the title to this land shall go back to P. O. Williams and his heirs. And should this land or premises at any time be used for any purpose other than church the title to said land and premises shall go back to P. O. Williams and his heirs. * * * To have and to hold, the above described premises, * * * unto the said Box Church Baptist Church so long as said premises are used as agreed herein." In March, 1933, the widow and children of P. O. Williams, deceased, extended their fence around the one acre of land in question and laid claim thereto on the theory that the church had breached the restrictions contained in the deed and as a consequence had forfeited title to the property.

The trial court filed findings of fact in which it was found that after the execution and delivery of the deed in question the church went into possession of the property and erected a substantial church house thereon, which building is still on the premises; that no other kind or character of building has ever been erected on said premises; that said premises were used more or less regularly for church services until the early part of the year 1931; that on account of lack of funds with which to employ a pastor there had not been any preaching or other church services held on the premises during approximately eighteen months next prior to the trial of this case; but that the church organization was still intact with its officers and deacons, and said premises had not been abandoned by the church. It was further found that six or seven years prior to the trial a traveling show erected a tent on the premises and showed two nights, charging an admission fee and divided the proceeds thereof with the church; that a community play was held in the church building and the proceeds received from admission fees were divided with the church; that on rare occasions not more often than once every two years local candidates for political offices had been permitted to make their announcements in the church building, at which time they were afforded an opportunity to contribute to the support of the church; that funds received from the tent show and community play, as well as contributions from candidates, were used to dis-

charge the financial obligation of the church; that five or six years prior to the filing of suit there was conducted in said church house a singing school class for a period of ten nights, the members of the class using the song books belonging to the church; that since the death of P. O. Williams, which occurred in 1931, the girls home demonstration club of the community has held occasional meetings in the building. From the above facts the trial court concluded that there had not been any substantial breach of the restrictions contained in the deed. Hence judgment was rendered for the plaintiff.

We are of the opinion that the trial court was correct in holding that there had not been such a substantial breach of the restrictions contained in the deed above referred to as to authorize a forfeiture of the title. It will be noted that the deed does not expressly require that the property be used for any particular purpose, but merely forbids its use for any purpose other than church. Where it is sought to forfeit the title to property by reason of an alleged breach of a restriction limiting the use thereof, the evidence must establish that there has been an essential diversion of the property to a purpose not authorized by the grant as distinguished from a mere infrequent and temporary use thereof for such purpose at irregular intervals. The breach must be a material and substantial one and not a mere trivial or inconsequential one. 12 Tex. Jur. 134; 18 C. J. 371, 372, 399; Los Angeles University v. Swarth (C. C. A.) 107 F. 798, 54 L. R. A. 262; Hilton v. Central of Georgia R. Co., 146 Ga. 812, 92 S. E. 642. From the findings of the trial court it appears that said property was never used for any purpose other than strictly devotional, except on extremely rare occasions and for very short intervals only, and that even then the programs conducted on the premises were not materially different from those of the ordinary country church. Consequently, if there was ever any breach of the strict letter of the restrictions as contained in the deed, such breaches were trivial and inconsequential and not sufficient to authorize a forfeiture of the title to the property.

We think this is the construction placed on the deed by the grantors themselves. The trial court found that they resided within approximately two hundred yards of the property in question from the time of the execution of the deed in 1923 until the death of P. O. Williams in 1931; that the premises were used for the tent show, church play, and other purposes as above indicated a number of

years prior to the death of P. O. Williams; that he knew of such uses; but that neither he nor his wife made any complaint thereof during his lifetime and that none of his heirs complained thereof after his death until the present controversy arose in 1933. Such long acquiescence on the part of the grantors indicates that they did not consider the holding of such programs on the premises as amounting to a breach of the restrictions contained in the deed.

The judgment of the trial court is therefore affirmed.

STANFORD, Justice (dissenting).

Not being able to agree with my associates, I hereby file the following dissenting opinion:

Appellee, Box Church Baptist Church, sued appellants, who are the widow and children of P. O. Williams, deceased, alleging that appellee was the owner in fee simple of one acre of land described in its petition and that on or about the 1st day of March, 1933, the appellants or some of them entered upon and dispossessed appellee of such premises and still withholds the same from appellee, to appellee's damage in the sum of $2,000.

Appellants answered that they were the surviving wife and children of P. O. Williams, deceased, and that by such deed of conveyance the one acre of land was conveyed to appellee by P. O. Williams and wife, with a limitation on the title conveyed.

Appellants filed a cross-action in the form of trespass to try title, prayed for judgment for title and possession of the land, etc. Appellee filed an answer to appellants' cross-action, in which it admitted that it had permitted the premises to be used for public gatherings, such as political gatherings, shows, singings, club girls, watermelon feasts, chamber of commerce meetings, etc.

### Conclusions of Law.

1. P. O. Williams and wife had the right to incorporate in the deed in question any and all restrictions upon the use of the land conveyed, so long as same were not in violation of law or against public policy, and to provide in such deed that a violation of the conditions therein contained should terminate the title conveyed by such deed.

2. Since the deed from P. O. Williams and wife to plaintiff circumscribed the continuance of the estate granted, and marked the period or event which should terminate such estate, the grant was upon conditional limitation, and the estate granted terminated ipso facto when the conditions of the deed were breached, and no entry was required by the grantors to defeat the estate granted.

3. The deed from P. O. Williams and wife to plaintiff containing as it did, in habendum clause, the words, "to have and to hold so long, as etc.," an estate upon conditional limitation was all the estate that passed to appellee by the deed.

### Findings of Fact.

The deed from P. O. Williams and wife to appellee being "to have and hold * * * so long as said premises are used as agreed herein," and the deed stipulating that the premises are to be used for church worship and no other purposes, the court having found that the premises had not been used for "preaching, Sunday School or prayer meeting for two years prior to the institution of this suit"; "that some six or seven years prior to the trial of this cause, a traveling tent show erected a tent on the one acre of land, and showed two nights and charged admission fees therefor, the church getting a portion of the proceeds; a community play was had in the church building for which admission fees were charged, and the church received a part of the proceeds;" that county candidates for office in Limestone county made political announcements for votes in said church building; that some five or six years prior to the institution of this suit there was conducted in said church building a singing school class for some ten nights; that since the death of P. O. Williams, the demonstration club girls have held at various times meetings in said church building; that the show, play, and political announcements were with the knowledge and consent of the church members.

### Opinion.

There was, under the court's findings, both nonuser and misuser of the premises by appellee, which, under the deed, terminated appellee's title. There was nonuser in that for some four years no service was held; and misuser in that the building was used for shows and various kinds of entertainments, etc. See McBride v. Farmers' & Merchants' Gin. Co. (Tex. Civ. App.) 152 S. W. 1135, 1136; Stewart v. Blain (Tex. Civ. App.) 159 S. W. 928, 930; Swindall v. Van School Dist. (Tex. Civ. App.) 37 S.W.(2d) 1094; see, also, Pure Oil Co. v. Swindall (Tex. Com. App.) 58 S.W. (2d) 7; Co-operative Vineyards Co. v. Ft. Stockton Irr. Lands Co. (Tex. Civ. App.) 158 S. W. 1193, par. 4; Imperial Sugar Co. v. Cabell (Tex. Civ. App.) 179 S. W. 90, par. 3.

"The right to annex a condition to a conveyance is a necessary incident to the right to own and convey the property," etc. See 12 Tex. Jur. p. 124, § 82, also p. 127, also §§ 94, 95. See Spinks v. First Christian Church, 273 S. W. 815 (Tex. Com. App.); Alford v. Alford, 1 Tex. Civ. App. 245, 21 S. W. 283.

In the McBride Case above cited, the Dallas Court of Civil Appeals says:

"The clause limits the estate in appellee until the happening of a certain event; that is, until the lot has ceased to be used for the purpose of operating the gin and mill. When such use ceased, the estate terminated, and appellant, the owner of the fee, became entitled to possession and had the right to bring his action therefor. Mr. Washburn, in his work on Real Property, § 971, vol. 2 (8th Ed.), says: 'A stranger may take advantage of limitation, but not of a condition. The only general rule, perhaps, in determining whether words are words of condition or of limitation, is that where they circumscribe the continuance of the estate and mark the period which is to determine it, they are words of limitation; when they render the estate liable to be defeated, in case the event expressed should arise before the determination of the estate, they are words of condition.' * * *

"But the question arises, Has there been such nonuser as terminated the estate in the gin company? We think so. There had been a nonuser for gin and mill purposes for two gin seasons, a period of about 12 months, and no steps had been taken by the gin company to rebuild and operate the gin and mill which had been destroyed by fire, although the gin company was sufficiently able to do so," by reason of which the lot reverted to the original owner and his heirs.

In the case of Stewart v. Blain, supra, the court said: "The property was a gift or donation from Blanchette, and he had a right to make what conditions and limitations he chose. The property is conveyed to the county judge 'for the purpose of erecting a schoolhouse for the benefit of colored school community No. 4, * * * it being expressly understood that in the event of the removal of the schoolhouse therefrom by said county judge and his successors in office or the school trustees, or their successors in office, the said acre of land shall revert back to me or my heirs or assigns, and this deed shall become thereafter void and inoperative.'" And further: "It seems to us that these provisions mean, and were intended to mean, that the grantees should own and use and enjoy the property so long as it was so used for the

purpose for which it was conveyed, and that when this condition ceased the title and right of possession should at once revert to the grantor, 'or his heirs or assigns.' What other effect could follow from the provision that the deed, upon such contingency, should 'become thereafter void and inoperative'; that is, should become as though it had never been executed? The grantees have title only by virtue of the deed. What becomes of their title when the deed by its own terms becomes 'void and inoperative'? This contingency is carefully provided for in the deed. It shall 'revert back to me, or my heirs or assigns.' "

In the case of Swindall v. Van School District, supra, the Dallas Court of Civil Appeals says, in 37 S.W.(2d) 1094, page 1097: "The statement above contains the background for, and the facts immediately connected with, the execution of the instrument in question. Provisions in deeds, in effect the same as the one contained in the deed Swindall testified he executed, have been pronounced conditional limitations, under which the estates conveyed terminated on the happening of the stipulated events. See Wiederanders v. State, 64 Tex. 140; Green v. Gresham, 21 Tex. Civ. App. 601, 53 S. W. 382; McBride v. Farmers, etc. (Tex. Civ. App.) 152 S. W. 1135; Stewart v. Blain (Tex. Civ. App.) 159 S. W. 928, 929. If, therefore, the contention of plaintiffs should be established, the right of the school authorities to use or occupy the land ended when they ceased to use it for school purposes, and plaintiffs were then entitled to its possession."

The trial court was without power to decree that appellee should recover title and possession of the premises sued for upon other and different conditions than set out in the deed, or to eliminate from such deed any condition therein contained, in the absence of pleading and proof to support such change.

The deed from P. O. Williams and wife to appellee providing as it does that: "For and in consideration of the sum of $50.00 to us paid by The Box Church Baptist Church, the receipt of which is hereby acknowledged; and for the further consideration that there are not to be erected any building or buildings other than a Church House for worship on the land herein conveyed." The provision is: "And should this land or premises at any time be used for any purpose other than church, the title to said land and premises shall go back to P. O. Williams and his heirs." Appellee contends "that this means some substantial use of the premises for purposes other than preaching, Sunday School and prayer meetings." But the deed provides if the prop-

erty be used for *any* purpose other than church, the title shall revert to P. O. Williams. There can be no doubt but that it did so revert. It is true such breach can be waived, but only by a written instrument duly signed and acknowledged as required in deeds, which never occurred in this case. The trial court was without power to entirely eliminate from the conditions of appellee's deed the habendum clause of same. Appellee did not plead that the habendum clause in said deed was placed therein through any fraud, accident, or mistake, or ask that the deed be reformed, nor offer any proof upon which to base such action.

P. O. Williams and his wife knew upon what terms they would convey an acre out of their fifty-acre homestead; what kind of meetings as well as buildings they would permit within two hundred or three hundred yards of their home. The church knew whether or not they would accept a deed with such conditions written in same. Williams and his heirs stood for the violations as long as the church pretended to have any character of religious services for two years; permitted the windows to be broken out and the floor of the pulpit to rot, but continued to use the building for other purposes until his wife and children asserted their rights.

Appellee having admitted in its answer to appellants' cross-action, in paragraph 1 of such answer, that the premises had been used since the 17th day of September, 1923, for "public gatherings such as political gatherings, shows, singings, club girls, watermelon meetings, chamber of commerce meetings," and the court having found that the premises had been so used by appellee, judgment should have been that the appellee take nothing by reason of this suit and that appellants recover title and possession of the land sued for on their cross-action; it having been agreed that plaintiff and defendants claimed said land under common source, that is, under P. O. Williams, and that the defendants are all of the heirs of P. O. Williams, deceased.

I think appellants had the undoubted right to require, and place about the use of said acre of land, the restrictions shown in the deed just as they were, and are, and not "substantially as they were and are." In this matter, we are dealing with a warranty deed in writing, duly acknowledged and recorded in the deed records. The deed speaks for itself, and nothing short of the deed as described in the deed records will meet the re-

quirements of the contract. The deed cannot be changed by a finding of the trial court.

The judgment of the trial court should be reversed and rendered in favor of appellants.