120 P.2d 432

L BAR CATTLE CO., Inc., v. BOARD OF TRUSTEES OF TOWN OF CEBOLLE- TA LAND GRANT et al.

No. 4639.

Supreme Court of New Mexico.

Nov. 18, 1941.

Rehearing Denied Jan. 3, 1942.

George S. Klock, of Albuquerque, for appellants.

Botts & Botts, of Albuquerque, for appellee.

BICKLEY, Justice.

Plaintiff commenced suit in statutory form for quieting the title to about eighty-five thousand (85,000) acres of land, the greater portion of which lies within the exterior boundaries of what is commonly known as the Cebolleta Land Grant.

All defendants, except the appellant, defaulted. It is assumed that defendant's answer constitutes a general denial.

On the trial, appellee in support of its title, introduced seven abstracts of title which appellee claims traced its record title to the land involved from the time of the Government Patent down to the appellee. Appellee also relied on title by adverse possession and the court in a paper entitled "The Court's Opinion, Findings of Fact and Conclusions of Law" made a specific finding and conclusion that all the elements were in evidence to support appellee's title by adverse possession. We have read the record and conclude that this finding is supported by substantial evidence. Indeed, this finding seems not to be challenged by appellants except insofar as they argue that the title to the lands involved may not be lost by the grantees named in the patent from the United States, viz., the inhabitants of the Town of Cebolleta, their successors and assigns, and that a title by adverse possession may not be acquired to such lands.

About a month later, the court entered its judgment and decree in which it found gen-

erally that the plaintiff is the owner in fee simple and in possession of the land involved in this suit, and quieted plaintiff's title thereto.

In perfecting its appeal, appellant filed a praecipe, calling for the complete record and proceedings, including the abstracts of title introduced by appellee as its Exhibit A to G, inclusive. When it came time for settling the bill of exceptions, appellant presented to the court for settlement the stenographer's transcript of testimony without the inclusion of any exhibits or any statements of their existence or substance with so much of their contents as would be necessary to a proper presentation of the point at issue. Thereupon appellee objected to the settling or signing of the court stenographer's transcript thus presented, on the ground, among others, that such transcript did not comply with or conform to Sections 2 and 3 of Rule XIII and Sections 7 and 8 of Rule XIV of the Supreme Court. Thereupon the court made its certificate settling the bill of exceptions and, after setting out appellee's objections, concluded the certificate of settlement thus:

"And thereupon the Court ruled, and called to the attention of the Appellant, that the transcript tendered is defective and incomplete in the particulars pointed out in Appellee's objections; whereupon Appellant advises and assures the Court that plaintiff's Exhibits A to G, both inclusive, being the abstracts of title to the land, title to which is quieted in the Appellee by the Court's decree herein, are not material or relevant to the decision of any question which Appellant will raise or argue in the Supreme Court on appeal, and for that reason elects to have said Exhibits omitted from the record on appeal; and now, based on the advice, assurance and election of the Appellant aforesaid, and over the objection of Appellee, on this 13th day of May, 1941, to which time the consideration of Appellant's application has been duly continued, the Judge of this Court has signed and settled the foregoing as Appellant's bill of exceptions."

Thus it appears that the evidence, the abstracts of title, introduced as proof of plaintiff's title is not before us.

█ We have said many times that, upon a doubtful or deficient record, every presumption is indulged in favor of the correctness of the judgment of the trial court and the burden is on the appellant to overcome these presumptions. See Ball et al. v. United States Copper Co. et al., 35 N. M. 637, 6 P.2d 192; Mansfield v. Reserve Oil Co., 38 N.M. 187, 29 P.2d 491; Hobbs v. Town of Hot Springs, 44 N.M. 592, 106 P.2d 856.

█ Even if we should regard the general finding and conclusion of the trial court contained in the decree that the plaintiff is the owner in fee simple and in possession of the lands involved, to be restricted by the finding made a month earlier that the plaintiff had proved its title by adverse possession, we should presume that the abstracts introduced in evidence and absent from the record would show the ele-

ment of color of title in the plaintiff. Appellants have assigned many errors, principally on account of the trial court's refusal to make certain findings of fact and conclusions of law requested by them. Some of these may have been refused because not warranted by the evidence, others because immaterial, others because argumentative merely.

In view of the state of the record and the points presented by appellants upon which they base their argument for reversal of the judgment, we are unable to say that the court committed prejudicial error in such refusals.

As we understand appellant's contention, it is that lands described in a grant from the United States to named grantees being "the Inhabitants of the Town of Cevolleta, their successors and assigns", evidenced by a Patent which contains the recital: "TO HAVE AND TO HOLD the said tract of land with appurtenances unto the said Inhabitants of the Town of Cevolleta their successors and assigns forever, with the stipulations aforesaid.", can never be divested by either voluntary or involuntary means, and that lands so granted are not subject to prescription.

We are not unaware that the United States has in some instances placed qualified restrictions on the alienation of lands patented to certain Indians, and perhaps others, to protect them from an improvident disposition of the lands.

But we see nothing in the language of the patent here involved to indicate any intention that there should be any restraint upon alienation.

In H. N. D. Land Co. v. Suazo, 44 N.M. 547, 105 P.2d 744, we held: "Title to common and unalloted lands of a community grant could be acquired by adverse possession."

See, also, Christmas v. Cowden, 44 N. M. 517, 105 P.2d 484.

Finding no error the judgment and decree should be affirmed, and

It is so ordered.

BRICE, C. J., and ZINN and SADLER, JJ., concur.

MABRY, J., did not participate.