135 P.2d 510

CHEEK v. RADIO STATION KGFL et al.

No. 4734.

Supreme Court of New Mexico.

March 19, 1943.

Frazier & Quantius, of Roswell, for appellants.

E. E. Young, of Roswell, for appellee.

BRICE, Justice.

Appellants have appealed from an adverse judgment of $500 found to be due to appellee as trustee of the bankrupt estate of Davis & Schwegler, Inc., a California corporation. The appellee has filed a cross-appeal in which he claims that his judgment should have been for $800.

The action was brought upon a contract wherein the bankrupt agreed to furnish certain electrically transcribed musical records for radio broadcasting, for which appellants agreed to pay $50 per month for one year.

The following are provisions in the contract:

"It Is Understood and Agreed that the performing rights of all music received by us from Davis & Schwegler, whether recorded or printed, is vested in us in perpetuity without tax or further payment except as outlined above, and we will own the title to all the recordings and other music hereby purchased.

"It Is Further Agreed that all recordings contemplated by this contract shall be on high-grade flexible material and suitable at all times for purposes of broadcast."

The appellants admitted that they had received the records for the full year.

The defense, as stated in the answer, is as follows:

"Defendants admit the execution of the contract, copy of which is attached to plaintiff's Bill of Particulars filed herein, but deny that they, or either of them, are in any manner indebted to plaintiff, or plaintiff's trustee in the sum of $800.00.

" * * * Defendants received from plaintiff certain recorded music but same

was not satisfactory and could not be used by defendants, or either of them; that defendants at once protested to plaintiff concerning the quality of music but same was not improved and for such reason the defendants have had nothing of value from the contract; that as provided in said contract, same could be cancelled after ninety days and defendants state that they did notify plaintiff of such desire to cancel the contract on or about September 1, 1939, and thereafter defendants made no payments for any recordings sent to them by plaintiff, same being useless for their purposes,

\* \* \* \* \*

"Defendants admit that they made the liability against them in favor of the Trustee for the months of April, May, June, July and August, 1939 by reason of the fact that no cancellation was given to defendant covering such months but as stated in the itemized account filed herein, payments of $100 were made to plaintiff, and defendants do now tender into court the sum of $150 as the only balance due to plaintiff, \* \* \*."

The trial court found that the parties entered into the contract; that the corporation furnished the records as agreed; that appellee should recover for the one year's service, to-wit, $600, less a credit of $100.

As we understand the defense, appellants admit they are indebted to appellee for all records received prior to notice of the termination of the contract; and notice of its termination was not given by appellants until the contract had terminated by its own terms.

It is asserted that there was a failure of warranty and failure of consideration. Assuming that breach of warranty and failure of consideration were issues in the case, these questions were for the district court to decide. There is testimony to the effect that the records were worthless and had not been used by appellants; there is testimony that the records were of good quality and that few complaints had been made by the corporation's 175 customers who bought records from it. Also, there was introduced in evidence a letter written by an employee of the appellants commending as excellent one of the shipments of transcriptions. It was stated: "We wish to commend you on the excellence of your last shipment of transcriptions. \* \* \* Here's hoping you can keep up the good work and we feel sure that your transcription library will rise to the first choice among independent broadcasters. We are sure of pushing it here." It is said that this employee was not authorized to write the letter. But it was admitted in evidence without objection. After the termination of the contract appellants wrote the corporation stating that the debt had not been paid because of the illness of appellant Whitmore's wife, and the attendant expense. In that letter he stated: "I know our account is in bad shape and I shall have to make some arrangements to take care of it that will be satisfactory to you and that I can carry, but in the meantime I feel that I should cancel our contract

until such time as I can get our account in better shape." Thirty days' notice was given, although the contract had expired. The letter closed as follows: "Kindly write me with some suggestion as to how you feel our balance should be taken care of."

The appellants did write the bankrupt corporation on August 25, 1939, stating, "You know that it (the service) is not what it should be and we have not played a D & S number in over three months and I am going to have to cancel, but if the quality improves on next shipment I will continue with the contract."

So far as the evidence shows no other complaint was made. It should be stated that only a few days later (on September 14th) the letter of commendation was written by E. L. Safford, Jr., an employee of appellants, to which we have made reference.

■ The district court was authorized under these facts to find that there was neither a breach of warranty or failure of consideration.

■ This court is not a fact-finding body and depends upon the district court for findings of fact. That court, upon conflicting testimony, refused to find that there was a breach of warranty or failure of consideration. Under the circumstances the action of the district court is binding here.

■ It is asserted that the trial court erred in admitting and considering the evidence offered by appellee. This evidence consisted only of a deposition of Herbert H. Aronson, who resides in California.

The stipulation for taking this deposition provided that it might be read in evidence by either party "subject to such objections and exceptions as may be made to such questions and answers, as if the witness Herbert Aronson were present in person and testified in said cause." Not a single objection was made to any question and the court properly refused to strike this testimony.

The last point is a contention that the court erred in refusing to adopt ten requested findings of fact presented by appellants.

■ A number of these requested findings are requests for findings which either are immaterial or covered by findings already made and therefore correctly refused.

Requested findings numbered 2 and 3 had reference to a breach of warranty, which issue has been determined.

■ Requested finding number 6 had reference to appellee's claim for payment of records sent after the expiration of the contract. As the trial court denied this claim the failure to make the finding was immaterial.

Other requests had reference to promises regarding collateral matters not material to the issues in this case. The trial court did not err in refusing to make any of these requested findings.

 The court did not err in denying appellee payment for records sent after the expiration of the contract. There is evidence tending to prove that these records were not used and their shipment was not authorized by appellants.

The judgment of the district court should be affirmed.

It is so ordered.

SADLER, MABRY, and BICKLEY, JJ., concur.

ZINN, C. J., did not participate.