269 P.2d 1099

## HENDRIX v. DOMINGUEZ.

No. 5681.

Supreme Court of New Mexico.

April 14, 1954.

Rehearing Denied May 19, 1954.

James L. Briscoe, Tucumcari, for appellant.

J. V. Gallegos, Tucumcari, for appellee.

SEYMOUR, Justice:

Original complaint in this cause constituted a suit to quiet title and, among other defendants, named Juan Dominguez. Many facts appearing in the record will be omitted from this opinion for the reason that the appeal to this Court is limited to the issues raised by the answer and cross-complaint of Juan Dominguez alleging a contract of sale by the plaintiff Mary Catherine Hendrix, to said defendant covering five acres of the land described in the original complaint, and praying for specific performance of said contract. Plaintiffs' reply was a general denial of the allegations of defendant's cross-complaint. The trial court entered a decision in favor of the defendant Dominguez, decreeing specific performance, from which plaintiff Hendrix appeals.

The relevant facts are as follows: The property in dispute was the separate property of the plaintiff Mary Catherine Hendrix, the daughter of the plaintiff Thomas A. Campbell. The plaintiff Campbell had from time to time dealt with property belonging to members of his family, acting as their agent in such transactions. August 21, 1951, plaintiff Campbell wrote a letter to defendant Dominguez, asking him if he, Dominguez, wanted to buy the property in question, stating that the plaintiff Campbell had received an offer, but preferred Dominguez' having the property, and re-

questing that defendant, if interested, tell this plaintiff what he would pay. Plaintiff Campbell visited in Newkirk from approximately September 6 to September 9, and on September 8, 1951, following casual negotiations over the preceding several days, again approached defendant in defendant's bar concerning the sale of the property and, after further negotiations, accepted $500 in cash and gave the following receipt therefor:

"1,500.00                    Newkirk, N. Mex.
Balance 1;000.00                  Sept. 8, 1951
Received from Juan Dominguez $500.00 for house and 5 acres.

                    s/  T. A. Campbell"

The next day the plaintiff Hendrix, owner of the property, came to Newkirk to take her father home and, while the facts are in dispute, the trial court made a finding of fact, supported by substantial evidence, to the following effect:

"That on September 9th, 1951, the said Mary Catherine Hendrix acquiesced in and ratified the sale of the property made by Thomas A. Campbell to Juan Dominguez, and on said day the said Mary Catherine Hendrix told the said Juan Dominguez and his wife that the sale of her property by Thomas A. Campbell was satisfactory with her, at which time the said Mary Catherine Hendrix had received the Five Hundred ($500.00) Dollars which Juan Dominguez had paid to Thomas A. Campbell for Mary Catherine Hendrix as down payment on the purchase price of said property."

It further appears that on the 8th or 9th of September, the key to the premises was given to the defendant; he entered into possession with the knowledge of the plaintiff Mary Catherine Hendrix, and tentative arrangements were made by the parties for the removal by plaintiffs of certain personal property remaining on the premises. One day following this, plaintiffs tendered back to Dominguez the down payment, which was refused, as were all later monthly payments. Defendant Dominguez, on the other hand, has made tender of the full purchase price.

The majority of appellant's forty-two assignments of error are addressed to an abuse by the trial court of its discretion in awarding specific performance to appellee Dominguez of the sales contract on the ground that the contract was oppressive, unfair, one-sided, harsh, inequitable, contrary to good conscience, procured under questionable circumstances, and that there was gross inadequacy of consideration.

Certain other incidental points are raised of which disposition may be made rather briefly. While appellant does not admit the existence of a contract, she does not brief or argue its nonexistence and, therefore, that question will not be

considered. Appellant's point two contends that there was no intention on her part to ratify the contract, but appellant is defeated on this issue by the finding of fact quoted above, which finding is supported by substantial evidence. Point four of appellant asserts error in the refusal of the trial court to permit appellant to reopen this case for the purpose of having appellant Hendrix deny the agency of her coplaintiff Campbell. Since the trial court found, and properly so, that the appellant Hendrix ratified the contract made by Campbell, the question of agency becomes immaterial to the decision of this case and, therefore, the error, if any, is harmless.

There is left only the question of whether or not the trial court erred in the exercise of its discretionary power in decreeing specific performance. The principal case relied upon by appellant in this regard is Chaplin v. Korber Realty, 1924, 29 N.M. 567, 224 P. 396. In that case, there was a specific mistake of fact in that the seller, in looking at a list of properties and prices, quoted the wrong price. While the general principles of equity announced in that decision lend some comfort to appellant, we do not have here any type of mistake and, on that score, the case may be distinguished from the instant case. Appellant relies chiefly upon (1) the alleged drunkenness of Campbell throughout the several days involved in this transaction; (2) the inadequacy of the consideration; and (3)

the contention that the appellant Hendrix, while she may have agreed to the sale, did so only for the purpose of being agreeable and had no conception of the fact that her acquiescence might have legal consequences.

■ In the first of the foregoing connections, the appellant Hendrix requested a finding of fact that Campbell, at the time of the transaction with Juan Dominguez, was so drunk that he could remember nothing. The refusal to so find by the trial court was assigned as error. The only testimony showing drunkenness was that of Campbell himself, and there was other testimony to the effect that Campbell was not drunk. Therefore, the trial court's refusal was not error. L Bar Cattle Co. v. Board of Trustees, Etc., 1942, 46 N.M. 26, 120 P.2d 432; Williams v. Selby, 1933, 37 N.M. 474, 24 P.2d 728.

■■ As to the adequacy of consideration, this Court has held in numerous cases that mere inadequacy is not, in itself, sufficient to avoid a contract. Featherstone v. Walker, 1939, 43 N.M. 181, 88 P.2d 271; Moruzzi v. Federal Life & Casualty Co., 1938, 42 N.M. 35, 75 P.2d 320, 115 A.L.R. 407; Ravany v. Equitable Life A. Soc., 1921, 26 N.M. 514, 194 P. 873; Fraser v. State Sav. Bank, 1913, 18 N.M. 340, 137 P. 592. In the light of these cases, assuming that appellant proved inadequacy of consideration, as to which this Court has

serious doubts, we do not deem it a sufficient ground to reverse the trial court in giving specific performance, particularly when there is no question of fraud at issue in the case. Appellant's reply was a general denial. By reason of appellant's failure to plead fraud, this issue was excluded by the trial court without objection on the part of appellant. Absent the issue of fraud or some similar issue, inadequacy of consideration will not serve as a defense in this case.

Corbin on Contracts, Vol. 5, sec. 1165, p. 712, supports the theory enunciated in the New Mexico decisions cited above. While the allegations of drunkenness, if sustained by proof, might remove the instant case from the operation of this rule, as indicated by the annotation appearing 36 A.L.R. 619, "Intoxication as ground for avoiding contract," the trial court's proper refusal to find such drunkenness as a fact disposes of this contention. Of incidental interest in this connection is the fact that there is no showing that appellee incited the drinking of the plaintiff Campbell; and further there is no hint that appellant Hendrix, owner of the property, was intoxicated at the time she ratified the contract.

The foregoing disposition of the issues raised makes it unnecessary to consider the question of whether or not inadequacy of consideration was proved, a question concerning which we have much doubt.

The final contention of the appellant which is stated above to the effect that appellant was not conscious of the fact that her words and actions might be of legal consequence, has no merit.

Judgment affirmed.

It is so ordered.

McGHEE, C. J., and SADLER, COMPTON, and LUJAN, JJ., concur.